WALDRON & al. *versus* PORTLAND, SACO & PORTSMOUTH RAIL ROAD COMPANY.

To support trespass for an injury done by a party in the exercise of his lawful rights, it must appear that no neglect or want of care on the part of the plaintiff cooperated in producing the injury.

In such a suit, it is for the plaintiff to show the exercise of ordinary care on his part, and the omission of some duty or the commission of some wrong on the part of the defendant by which the injury was produced.

If the injury be such as must have occurred wholly from the carelessness of one of the parties only, the plaintiff must show that it was on the part of the defendant.

ON FACTS AGREED.

TRESPASS for a cow, alleged to have been killed by the rail road engine.

The defendants' rail road was laid through the plaintiffs' land, with a reservation of a road, crossing on grade with cattle guards.

The defendants built the cattle guards on each side of the plaintiffs' crossing road, and erected good and sufficient fences on each side of the rail road through the plaintiffs' lands, with guard fences extending to the cattle guards. The defendants also built and kept in repair bars across the plaintiffs'

road on each side of the railway, and their road-master and other employees had been accustomed, whenever they saw the bars down, to put them up in their place.

The plaintiffs' land on both sides of the rail road was occupied for pasturing. The part of the pasture on the east side of the rail road had no watering place, and they were accustomed to put their cattle into the eastern part of the pasture a part of the day, and then let down the bars, and turn their cattle across the rail road from the eastern to the western part of the pasture for the purpose of watering.

As the train was passing at about 9 o'clock in the morning of June 22, 1847, the engine struck the plaintiffs' cow as she was crossing the track in the plaintiffs' reserved road from the east to the west part of the pasture and caused her death. At that place, by reason of a projecting ledge, the cow could not be seen on the track by the engine man, in season to reverse the engine and avoid collision.

At the time of the accident, there were three bars on the eastern side, the lower bar in its place, and the other two with one end on the ground. On the western side there were only two bars, both lying on the ground.

One witness would testify, that he had been across there twice in April and May and found the bars down.

The fence and bars at that place were built with four boards of 6 or 8 inches in width, and of the proper legal height; and three bars might have been put up, upon the eastern side, so as to prevent the cow from passing through.

There is no evidence in the case to show which side of the rail road the cow was turned into, on the day she was killed.

If, upon the foregoing statement of facts, the Court shall be of opinion that the action can be maintained, judgment is to be rendered for the plaintiffs, otherwise for the defendants.

*Leland*, for the plaintiffs.

*Eastman* and *Hobbs*, for the defendants.

APPLETON, J. — To entitle the plaintiffs to recover they

must prove that the loss they have sustained, occurred without fault on their part and in consequence of the neglect of the defendants. *The Tonawanda Rail Road Company* v. *Munger*, 5 Denio, 255; *Moore* v. *Abbott*, 33 Maine, 46. The plaintiffs, though guilty of neglect or want of care, may recover if such neglect or want of care was not an efficient and coöperating cause in producing the injury. *Kennard* v. *Burton*, 25 Maine, 39. "If," says BRONSON, J. in *Rathbun* v. *Payne*, 19 Wend. 399, "both parties were equally in the wrong, neither can maintain an action against the other. Indeed it has been said that a plaintiff suing for negligence must be wholly without fault." The exercise of ordinary care on the part of the plaintiffs, and the omission of some duty or the commission of some wrongful act on the part of the defendants, must concur to entitle the plaintiffs to recover.

The facts as agreed upon seem to exonerate the defendants for all negligence or want of care at the time of the loss, which is the subject of this suit. The plaintiffs' cow was crossing their reserved road and could not be seen by the engine man in season to reverse the engine for the purpose of avoiding collision, and it does not appear nor is it alleged that the cars were moving with undue speed or that there was the neglect of any needful precaution on the part of the defendants.

The defendants, if responsible, can be charged only in consequence of the non-performance of some previous duty obligatory upon them either by the provisions of some statute or of the common law. The neglect, if any, which must entitle the plaintiff to recover, consists in not keeping up the bars of the plaintiffs' reserved road at the points where it crosses the rail road. This must be affirmatively shown to have been the neglect of the defendants.

The guards and guard fences of the reserved road were suitable and in good repair, but the bars across the plaintiffs' reserved road were down on each side of the railway, so as to afford no obstruction to the free passage of animals. But for this the loss would never have arisen. When this careless-

ness occurred and who should be held responsible for it, does not appear from the evidence as reported. The plaintiffs may reasonably be presumed to know at what hours the defendants' train passes and they should exercise ordinary prudence in selecting the time when they will drive their cattle over. If the plaintiffs or their servants took down the bars at the time the cars were about to pass and chose to leave them down for his cow to pass, without any care on their part, they must be considered as voluntarily assuming the risk thus incurred. If at some previous time they had left them down for the more convenient passage for their horses and cattle to and fro over the brief space occupied by their reserved road, they must abide the consequences. The reservation was for their benefit and in its enjoyment, they should not expose to danger the lives or the property of others. The evidence wholly fails to show whether the plaintiffs have or have not exercised ordinary care.

As the evidence does not show how long the bars had been left down, nor when, nor by whom, we cannot say that the defendants have been guilty of any negligence, for we know neither what they have done nor what they have omitted to do.

The case finds that the company had built and kept in repair bars across the plaintiffs' road, on each side of the rail road, and that the road master and those in the employ of the defendants, had been accustomed, whenever they saw the bars down, to put them up in their place. From these facts the plaintiffs ask the Court to infer the existence of a contract by which the defendants have agreed at all times to put up the bars when found down. If the contract had been proved, it does no appear that the defendants or their servants were aware of their position or that from the length of time they had remained down, they were in fault for not knowing their situation and replacing them. But while a corporation may enter into engagements more or less onerous, their existence must be established by satisfactory proof. The evidence adduced wholly fails to satisfy us that any engagements of the nature supposed have been entered into. As remarked by

SHAW, C. J., in *Bradley* v. *The Boston & Maine Rail Road*, 2 Cush. 537, "the defendants may have done what they did for the better security of their own trains, or for the safety of their conductors and passengers."

It was held to be the duty of the rail road company in *Quimby* v. *Vermont R. R. Co.* 23 Verm. 393, to erect and maintain such fences and cattle guards upon the road as will prevent horses and other animals from passing .them. The statute of 1842, c. 9, § 6, requires every rail road corporation to erect and maintain substantial, legal and sufficient fences on each side of the land taken by them for their rail road, when the same passes through enclosed or improved lands. This duty, as between the corporation and their passengers, exists in full force at all times. If it be the duty of the defendants to maintain and replace the bars, when those for whose use a way is reserved, have taken them down, still it must coëxist with the preservation of the entire rights of those for whom the reservation is made. Those who have an easement over the track of a rail road as well as the corporation, if they have rights to assert, have likewise duties to perform. While the plaintiffs may at any time take down the bars of their reserved way, it would be absurd to require the defendants to have a servant at all times ready to replace them. The plaintiffs must exercise their rights with a due regard to those of the defendants. *Trow* v. *Vermont Central R. R.*, 6 Law Rep. N. S. 83; *March* v. *N. Y. & E. R. R.* 14 Barb. 364.

As the evidence leaves it entirely uncertain whether the injury was occasioned by the fault of the plaintiffs or the negligence of the defendants, the action cannot be maintained.

*Plaintiffs nonsuit.*

SHEPLEY, C. J., and TENNEY and HOWARD, J. J., concurred.