### HOOK *v.* THE WORCESTER & NASHUA RAILROAD.

The proprietors of a railroad, having complied with the requirements of Gen. St., *c.* 147, *s.* 1, are not liable for damages happening to animals coming upon their road through gates or bars left open by an adjoining land-owner or his servants, unless such damages might have been avoided by a proper management of their train at the time of the injury.

CASE, for killing the plaintiff's colts by the defendants' locomotive. The defendants operate the Nashua & Rochester Railroad, which crosses the plaintiff's farm. On the day of the accident the plaintiff's colts escaped from his field into his pasture adjoining the railroad, and from the pasture passed on to the railroad through the bars at a farm crossing, and were killed by a passing train. The plaintiff's servants had passed over the crossing with a team a short time before, and finding the bars down, had left them down. The plaintiff did not claim that the railroad fences or bars were insufficient, or that the defendants' train was not properly run and managed at the time of the accident.

The defendants requested the court to instruct the jury, that if the defendants had erected and built suitable bars at the crossing where the plaintiff's colts went upon the defendants' track, it was the duty of the plaintiff to keep such bars up; and that if the plaintiff, or those in his employ, permitted the bars to remain down, or took them down and left them down, and the colts injured went upon the defendants' track by reason of their being so left down, the defendants would not be liable unless the colts were injured by the wanton and reckless conduct of the persons managing the trains of the defendants. The court declined to give the instructions as requested, and the defendants excepted. Verdict for the plaintiff.

*Stevens*, for the defendants.

*Hatch*, for the plaintiff.

CLARK, J. A railroad corporation is not liable for damages happening to animals upon its track, unless such damages result from the fault or negligence of the corporation. The fact that the plaintiff's colts, being upon the defendants' railroad, were killed by the defendants' engine, and the plaintiff has thereby suffered damage, is not evidence to be submitted to the jury to charge the defendants with negligence, when it is admitted that it is not in fault as to the sufficiency of the fences and bars, or in the management and running of its trains.

The duty of railroad corporations to erect and maintain a sufficient fence on each side of their road, and to make gates, crossings, cattle-

passes, and other facilities for owners of land divided thereby, is a duty created and imposed by statute; and where sufficient fences, with suitable gates or bars for the convenience of the owner of the land, have been erected, nothing further is required but to keep such fences, gates, and bars in suitable repair. The language of the statute is, "The proprietors of every railroad shall erect and maintain a sufficient fence," &c. Gen. St., *c.* 148, *s.* 1. The word *maintain,* in the statute, clearly means "keep in repair," or "keep in the same condition." They are to erect a sufficient fence, and keep it sufficient. They are to make gates, crossings, and other facilities for the land-owner, and keep them in proper condition for use. And when the proprietors of a railroad have done this, they have done all that the law requires them to do, and owe no further duty, in relation to fences, to the adjoining land-owner.

Gates and bars are constructed for the accommodation of the land-owner, to be opened and closed to suit his convenience. The proprietors of the railroad have no control over them. They have no right to keep them open continually, thereby leaving the land uninclosed, nor to keep them closed continually, thereby depriving the land-owner of their use; and to hold that they are guilty of negligence unless they close the gates or bars whenever the land-owner or his servants choose to leave them open, would be equivalent to holding that it is their duty to keep a servant at hand, ready to close the gates or replace the bars whenever the land-owner or his servants may choose to open them, which would be unreasonable. Shearman & Redfield on Negligence, *s.* 472; 1 Redf. on Railways, \*495; *ib.* \*467; 1 Addison on Torts 221; *Waldron* v. *P. S. & P. Railroad,* 35 Me. 422; *Eames* v. *Railway,* 14 Allen 151.

The admission that the fence and bars were sufficient, and that there was no negligence in the management of the train at the time of the accident, was an admission that the defendants were not in fault for the accident. If the defendants were not in fault, it is immaterial whether the plaintiff was in the exercise of ordinary care or not. The instructions asked for by the defendants should have been given. The court might properly have directed a verdict for the defendants.

*Verdict set aside.*

STANLEY, J., did not sit.