NEW-YORK,
May, 1838.

Rathbun
v.
Payne.

RATHBUN & WEST *vs.* PAYNE and others.

In collision of boats on the canals, if both parties are equally in the wrong, neither of the owners can maintain an action against the other; indeed it seems that a party suing for negligence must be wholly without fault.

If a loss be sustained in the night time and it is attributable partly to the want of lights on the boat injured, or to the boat being out of the proper place on meeting another boat, a defendant is answerable only for gross negligence or wanton injury.

THIS was an action on the case for carelessly and negligently running down the plaintiffs' boat and destroying a cargo of wheat, tried at the Cayuga circuit in October, 1835, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiffs were owners of the canal boat Tariff, and the defendants of the canal boat Black Hawk, both navigating the Cayuga and Seneca canal, at a place where the canal is in the bed of the Seneca river. The Tariff was ascending the stream or going west, and the Black Hawk was descending or going east. The tow-path was on the north side of the canal, and in passing it was the duty of both boats to keep to the right, so that the plaintiffs' boat would be on the tow-path side, and the defendants' boat on the heel-path side of the canal. It was nearly or quite dark at the time the collision took place. The Black Hawk had lights on her bow—the lamps of the Tariff had not been lighted. The Tariff was struck near the stem on the side next to the tow-path, a plank was knocked out and she immediately sunk. The principal questions of fact litigated on the trial were the following; first, whether it was so dark that the Tariff should have had lights on her bow in pursuance of the canal regulations; second, whether the Tariff was at the time out of her place, and on the heel-path side of the canal; third, whether the Tariff had necessarily gone to the south side of the canal in passing around a bar or shoal, without being able to regain her proper position before the boats met; and fourth, whether the injury might have been avoided by the exercise of proper skill and care in the navigation of the defendants' boat. The judge charged

the jury that as the law required the exhibition of lamps on boats navigating the canal in the night time, the navigator would graduate his attention in some degree by this regulation, and he instructed them to inquire whether it was so dark as to require lamps. He also charged them that although the Tariff had no lights at the time, and might have been farther out from the tow-path into the canal than was her proper place, yet if she was unable to resume her place, and the hands of the Black Hawk might, by the exercise of ordinary care and skill, have avoided the collision and had not done so, the defendant would be liable for the injury sustained. The jury found a verdict for the plaintiffs for $745. The defendants, on a case made, moved for a new trial, which was granted by the circuit judge : from whose decision the plaintiffs appealed, and the case was accordingly argued here.

*B. Davis Noxon*, for defendants.

*S. Stevens*, for plaintiffs.

*By the Court*, BRONSON, J. Every boat navigating the canals at night, is required to carry conspicuous lights on its bow. Canal Regulations. When boats meet on the canals, it is the duty of the master of each to turn out to the right hand, so as to be wholly on the right side of the centre of the canal. 1 R. S. 248, § 154. This is substantially like the law of the road. 1 R. S. 695, § 1. Although the plaintiffs have suffered a loss, it is extremely doubtful upon the evidence whether it was not the result of negligence or misconduct on the part of the master of their own boat : but if he was not in fault, there is great difficulty in saying that there was any culpable negligence or want of skill on the part of the master of the defendants' boat. Whether we look at the evidence alone, or examine it in connection with the charge to the jury, the circuit judge has, I think, very properly ordered a new trial.

If both parties were equally in the wrong, neither can maintain an action against the other. Indeed it has been said that a plaintiff suing for negligence must be wholly

without fault. *Puckwell* v. *Wilson*, 5 Carr. & Payne, 375.
*Williams* v. *Holland*, 6 id. 23. *Lack* v. *Seward*, 3 id. 23.
If at the time of the collision both boats, either through negligence or design, were near the centre of the canal, neither having turned sufficiently to the right as the law requires, the plaintiffs must bear the consequences of their own folly. The right of action does not depend upon which boat happened to suffer. There must be a wrong as well as damage, and there is no legal injury where the loss is the result of the common fault of both parties. So too, if the loss was chargeable partly to the want of lights on the bow of the Tariff, the defendants would not be answerable for any thing short of gross negligence on their part.

Under the charge, the jury may have found for the plaintiffs, although they believed that the Tariff, at the time of the collision, was improperly without lights on her bow, and on the wrong side of the canal. And besides, as the boat was struck on the side opposite the tow-path, if she was at the time out of place, as seems to be granted by the charge, it necessarily follows that the defendants' boat was in the proper place for passing. On such a state of facts I think the master of the Black Hawk would only be answerable for gross negligence, or some wanton act.

If the Tariff, in passing the bar or shoal, necessarily went to the south side of the canal, and sufficient time had not elapsed for regaining her proper position, that would be an excuse for being out of place. But this was mere matter of excuse on the part of the plaintiffs, and could give no right of action against the other party. If the position of the plaintiffs' boat was not the result of fault on their part, it was nevertheless their misfortune, and they cannot throw off the consequences upon another. In deciding upon the conduct of the master of the Black Hawk, this excuse must be laid wholly out of view, for he had no knowledge of its existence. If he would not have been answerable had the plaintiffs been without excuse, he cannot be answerable now. The merit or demerit of his conduct cannot depend upon a fact of which he had no knowledge.

New trial granted.