By the Court, Beardsley, J.
There is a striking confusion of law and fact in the charge given to the jury in this case, and it is not easy to extract the legal principle which was intended to be laid down for their guidance. It may be that the court intended to charge that Maxwell, although a participant in the carelessness by which he was injured, could nevertheless recover, because he was under the age of twenty-one years. But I do not understand the-eourt to lay down this restricted rule; nor-do I perceive that the infancy of Maxwell could affect the question of Brown’s liability. As far as I can collect the view of the court, they seem to have held, that a master, who employs several persons to labor for him in a particular business, giving to one of them a charge and superintendence of the concern, is responsible for an injury received by either of the others in the prosecution of the work, resulting from any careless act of himself and his fellow workmen, provided such act was done under the general supervision and direction of the person so placed in charge by the master. In this I think the court clearly erred. The negligent act was as much the act of the plaintiff as of .the defendant’s foreman, and no man can, in any case, be allowed to recover a compensation for damages resulting from his own misconduct or negligence. A plaintiff suing for negligence must himself be without fault. (Williams v. Holland, 6 Carr. & Payne, 23; Pluckwell v. Wilson, 5 id. 375; Rathbun v. Payne, 19 Wend. 401; Hartfield v. Roper, *594 21 id. 619.) (a) In the ease last cited, this principle was applied against a child of about two years of age. The late Mr. Justice Cowen there remarked: “ An infant or lunatic is liable personally for wrongs which he commits against the person and property of others. (Bullock v. Babcock, 3 Wend. 391, 384.) And when he complains of wrongs to himself, the defendant has a right to insist that he should not have been the heedless instrument of his own injury. He cannot, more than any other, make a profit of his own wrong. Volenti non jit injuria.”(b)
It was recently adjudged in Massachusetts, that where two persons were employed by the same company to perform separate duties and services, tending to the same end, and one of them, while performing his own appropriate and peculiar duty, was injured by the negligent act of the other in respect to his branch of the service, the former had no remedy against the common employer. (Farwell, v. The Worcester Rail-Road Company, 4 Metc. Rep. 49.) In that case the party injured was free from all fault, he being in no sense a party to the negligent act which produced the injury; and yet the court held the master was not liable to one servant, under such circumstances, for the careless act of the other. That case. ap *595 pears to have been thoroughly examined and considered, and I entertain no doubt of its correctness. But it is not necessary to place the present decision on that principle. Here the plaintiff below voluntarily aided to do the act complained of, and he cannot be allowed to make his own misconduct the foundation of a claim for redress. The judgment must be reversed.
Judgment reversed.

 As to the general doctrine, see Brownell v. Flagler, (5 Hill, 282, 3,) and the cases there cited in note (a). See also Raisin v. Mitchell, (9 Carr. & Payne, 613 ;) Gough v. Bryan, (2 Mees. & Welsb. 770 ;) Bridge v. The Grand Junction Railway Co., (3 id. 244 ;) Riddle v. The Proprietors of The Locks and Canals, (7 Mass. Rep. 169, 183;) Lynch v. Nurdin, (1 Adol. & Ellis, 29, N. S.)

 But see the late English case of Lynch v. Nurdin, (1 Adol. & Ellis, 29, N. S.) There a servant of the defendant negligently left his horse and cart unattended in the street. The plaintiff, a child seven years old, got upon the cart in play; and another child incautiously led the horse on, whereby the plaintiff was thrown down and hurt. And held, that the defendant was liable in an action on the case, though the plaintiff was a trespasser, and contributed to the mischief by his own act. The case goes upon the ground that the plaintiff “ merely indulged the instincts of a child in amusing himself with the empty cart and deserted horse,” to which he was tempted by « the most blanreable carelessness” on the part of the defendant’s servant; and therefore the defendant “ ought not to reproach the child with yielding to that temptation.”