SPENCER *vs.* THE UTICA AND SCHENECTADY RAIL-ROAD
COMPANY.

In an action on the case against a rail-road company, to recover damages for in-
juries sustained in consequence of their negligently running their train of cars
against the plaintiff's wagon, while he was crossing the rail-road track, in or-
der to warrant a recovery, it must appear that the defendants' agents were
guilty of negligence, and that the plaintiff was himself free from negligence or
fault.

Where evidence is introduced on a hearing before referees, upon a question of
fact, and the referees come to a conclusion thereon, a new trial will not be
granted on account of the incorrectness of their conclusion ; whatever may be
the opinion of the court upon that point.

MOTION by the defendants, to set aside a report of referees
in favor of the plaintiff for $150.   The action was trespass on
the case ; plea the general issue.   The facts are sufficiently
set forth in the opinion of the court.

*L. Ford,* for the plaintiff.

*F. Kernan,* for the defendants.

*By the Court,* GRIDLEY, J.   This action was brought to
recover damages against the defendants for *negligently* run-
ning their train of cars against the plaintiff's wagon while he
was crossing the rail-road track ; by which act, his wagon
was destroyed, and the plaintiff himself thrown out and severe-
ly injured.   The plaintiff's house was situated north of the
rail-road, and his meadow lay south of it, and the accident oc-
curred on that part of the track over which he was accustomed
to pass, in going to and from his farm, in the ordinary course
of his business.   It appeared by the testimony, that the injury
was inflicted by the defendants' working train, which had
for some weeks been in the daily practice of passing up load-
ed and returning empty, at about the same hours of the day ;

Spencer *v.* Utica & Sch. R. R. Co.

and that on its return, the train was backed down by the engine placed in the rear of the cars, for the reason that there was no turning place east of the point to which the cars ran. At the time when the injury took place, the plaintiff was passing from his house on the north side of the rail-road, to his meadow on the south side, after a load of hay: He approached the track through a straight lane at right angles with it, leading from the old turnpike at which the plaintiff had a gate, a distance of 14 rods, to the railroad, from any part of which distance of 14 rods, there was an uninterrupted view of the western line of the road, for a mile in length, so that the train *might* have been, and *must* have been seen by the plaintiff, if he had turned his eyes in the direction from which the cars were approaching. We say this, because it is apparent from the diagram which forms a part of the case, as well as from the evidence, that, considering the length of the train, (234 feet,) neither the ashery nor the small tree mentioned in the case, could form any serious obstruction to the line of vision between the train and any part of the 14 rods, on which the plaintiff drove, in his approach to the rail-road.

Upon this state of facts, in order to warrant a report in favor of the plaintiff, the referees must have found two propositions established by the testimony : 1st. That the defendants' agents were guilty of negligence; and 2d. That the plaintiff was without negligence, and without fault. Upon the first point there was much evidence before the referees; and whatever may be our own opinion of the correctness of the conclusion to which a majority of the referees came, we are all of the opinion that no new trial can be granted on that ground.

It was equally necessary for the plaintiff to establish the proposition that he himself was without negligence and without fault. This is a stern and unbending rule, which has been settled by a long series of adjudged cases, which we cannot overrule if we would. (*See* 1 *Cowen's Rep.* 78 ; 6 *Hill,* 592 ; 19 *Wend.* 399 ; 6 *Cowen,* 189, 184, 191 ; 5 *Hill,* 282.)

Now, upon the *undisputed facts* of this case, it is impossible to maintain that the plaintiff was free from negligence. Be-

cause, he either saw the train approaching before he drove upon the track, or he did not. If he *did*, it was an act of madness voluntarily to place himself in the way of the train. If he did *not*, as is most probable, but during the entire 14 rods allowed his attention to be attracted to his neighbor's load of hay, according to the testimony of one witness, *that* was an act of most lamentable want of care. We may deplore his misfortune and sympathize in his suffering, but we cannot change the rules of law to give him redress. This is a far stronger case against the plaintiff, than was that of *Hartfield* v. *Roper*, (21 *Wend.* 615,) where the court set aside a verdict for the plaintiff, in a case in which it appeared that the defendant with his team had ran over and injured a little child which was playing in the highway, on the ground that the child was guilty of negligence in being there, and not removing, in season to avoid the injury. The court there held that it was the duty of the circuit judge to have nonsuited the plaintiff.

If that case be law, then, upon the undisputed facts contained in the report in this cause, the plaintiff must be held guilty of negligence; and that being the case, neither a report of referees nor the verdict of a jury can stand.

Report of referees set aside, and new trial granted.

