# Law and Equity

IN THE

# SUPREME COURT

OF THE

## STATE OF NEW-YORK.

———•●•———

HARING. adm'x, &c. *vs.* THE NEW-YORK AND ERIE RAILROAD COMPANY.

Where, in an action against a railroad company, to recover damages for an injury sustained in consequence of being run against by the locomotive of the defendants, while crossing the railroad track in a sleigh, it appeared from the plaintiff's testimony, which was clear, explicit and undisputed, that the negligence and imprudence of the person injured contributed to the injury; *Held* that the judge properly *nonsuited* the plaintiff, instead of submitting the question of *negligence* to the jury.

THIS action was brought by the plaintiff, as administratrix of John J. Haring, deceased, to recover damages for an injury sustained by the intestate, by being struck by the engine of the defendants, while he, with another person, was crossing the railroad in a sleigh, on the 2d of February, 1849. The complaint alledged that the intestate was thrown out of his sleigh, with great force and violence, upon the ground, and was so se-

verely and seriously injured, bruised and wounded, as to cause his death in a few hours thereafter; and that the injury was caused by the gross carelessness, negligence, or willful misman-agement of the defendants, or their servants or agents. The defendants, by their answer, denied that the death of Haring was caused by the carelessness, or negligence or willful miscon-duct of the defendants, or their servants or agents, but alledged that it was caused by the gross carelessness and negligence of Haring and of the person who was with him in the sleigh, at the time. The plaintiff put in a reply, taking issue upon the facts alledged in the answer.

The cause was tried before Justice Brown, at the Rockland circuit, in September, 1851. The material parts of the testi-mony produced by the plaintiff on the trial, are set forth in the opinion of the court. The evidence is therefore omitted here. At the close of the plaintiff's testimony, the counsel for the defendants moved for a nonsuit, on the ground that the evidence showed that there was negligence on the part of the plaintiff; whereupon it was intimated by the court that the motion *must* be denied, and that it was a case which *must* go to the jury. The defendants' counsel continued the argument for a nonsuit, which motion was *opposed* by the plaintiff's counsel on the ground that the question of negligence, in whatever degree, in either of the parties, was a question of *fact*, to be determined by the jury, and not by the court, and also on the ground, that the evidence showed gross and culpable neglect on the part of the defendants, and which neglect was the cause of the death of Mr. Haring. The court final-ly granted the motion for a nonsuit, and gave its reasons as follows :

" A court always nonsuits a plaintiff with great reluctance, when, as in this case, it appears to take a question of fact from the jury. It should be done only in clear cases. But when the evidence is such, that granting the plaintiff all the facts he claims to have proved, the appellate court would be bound to set aside a verdict if found for the plaintiff, it is the clear and im-perative duty of the court to do so. The question in this case is not upon the degree of negligence of the parties. The plaintiff can have no right of recovery against the defendant, unless he

Haring v. New-York and Erie Railroad Co.

shows that he was himself wholly free from fault, and that the injury was wholly caused by the carelessness or negligence of the defendants. It may be conceded that the defendants were negligent; it may be conceded that they were illegally running their cars without ringing the bell; and if so, they cannot justify themselves, and would be liable for a penalty, if the action was a prosecution for that purpose. This action is different; the plaintiff must show that the act of the defendants was the sole cause of his injury; that it would not have happened if such cause had not existed. If the whistle can be heard further than the bell, or if the rumbling of the cars can be heard as far as the bell, how can it be said that the injury was produced "by reason of the neglect" to ring the bell? Sign-boards at the crossings were designed to protect strangers, and their absence cannot be said to be the cause of an injury to a person who has for a long time been in the habit of crossing the road several times daily. The railroad cannot be justified in any neglect to perform all the statute requires of it; but when the action is for private damages, the only question is what is the substantial, proximate cause of the injury. There is no different rule for the court to be governed by, in cases where railroads are parties, than in other cases. The plaintiff was beyond all question guilty of negligence, in driving, in such a place and at such an hour, upon a railroad track, at the rapid rate of a mile in four or five minutes. It would be very strange if any court should lay down any other rule. Such driving would manifestly be negligence, at such a place, even in any two persons driving their team, and both would be to blame. Common experience and a due regard to the safety of travelers requires that such a rule should be laid down by the courts. It is not merely slight, but gross carelessness, to drive at such speed upon a railroad track, at a point where the approach of the cars cannot be seen until the traveler is upon the track, and when he knows that the trains hourly pass, whether or not he was actually aware that a train was at that moment approaching. Travelers should always approach railroad crossings at a moderate speed and with care. The law, while it imposes duties upon the railroad com-

panies, also imposes duties upon the citizens, and it is no excuse for the latter to say, when in default, that the company is equally in the wrong. A verdict for the plaintiff would clearly be set aside. She is therefore nonsuited."

To this ruling and decision the counsel for the plaintiff excepted, and upon a case moved for a new trial. ·

*F. C. Bliss,* for the plaintiff. I. Whether there was negligence, or want of care of whatever degree in either of the parties, was from its very nature a question of fact, which should have been determined by the jury, and whether the circumstances attending the injury constituted negligence on the part of the plaintiff, should have been decided by the jury, and not by the court. (*Beers* v. *The Housatonic Railroad Co.* 19 *Conn. Rep.* 566. *Morton* v. *Fairbanks*, 2 *Pick.* 368. *Aldridge* v. *The Great Western Railroad Co.* 2 *Eng. Railway Cas.* 852. *Davis* v. *Maxwell*, 12 *Metc.* 286. *Tufts* v. *Seabury*, 2 *Pick.* 140. *Lumby* v. *Allday*, 1 *Cr. & J.* 301. 1 *Stark. on Ev.* 507. *Angell on the Law of Carriers*, §§ 27, 31, 184, 549, 559. *Storee* v. *Gower*, 6 *Shep. Rep.* 174. *Vaughan* v. *Menlove*, 3 *Bing. New Rep.* 468. *Monroe* v. *Leach*, 7 *Metc.* 274. *Wilkinson* v. *Scott*, 17 *Mass. Rep.* 249. *Allen* v. *Kopman*, 2 *Dana*, 221. *St. Mary's Church* v. *Cagger*, 6 *Barb.* 576. *Jackson* v. *Betts*, 6 *Cowen*, 377. *Hyde* v. *Stone*, 9 *Id.* 230. *Clark* v. *Dutcher*, *Id.* 674. *Jackson* v. *Betts, Id.* 208. *Jackson* v. *Loomis*, 12 *Wend.* 27. *Labar* v. *Koplin*, 4 *Comst.* 547. *Pratt* v. *Hull*, 13 *John.* 334.)

II. In an action of this kind, for damages resulting from the negligence of the defendants, the care required of the plaintiff is, that degree of care usually termed ordinary care, and if ordinary care be exercised by the plaintiffs, the want of a greater degree of care will not preclude a recovery. (*The New-Haven Steamboat and Trans. Co.* v. *Vanderbilt*, 16 *Conn. Rep.* 420. *Beers* v. *The Housatonic Railroad Co.* 19 *Id.* 566. *Kinnond* v. *Burton*, 12 *Shep.* 39. *Bridge* v. *The Grand Junction Railway Co.* 3 *Mees. & Wels.* 244. *Thompson* v. *Bridgewater*, 7 *Pick.* 188. *Angell on Law of Carriers*, § 561.)

III. The defendants were knowingly or willfully violating law, (*General Railroad Act, Laws of* 1848, *ch.* 140, §§ 37, 38,) and having neglected and refused to comply with the precautionary measures deemed essential by the legislature, for the protection of life and property, they were guilty of gross and culpable negligence, and answerable in damages to those injured by their willful violation of duty. (*Laws of* 1808, *ch.* 140, § 37. *Ferguson* v. *The Earl of Kinnoul,* 9 *Clark & Fin. Ap. Cas.* 251. *Waldron* v. *The Rensselaer and Saratoga Railroad Co.* 8 *Barb.* 390. *Suydam* v. *Moore and Losee, Id.* 358.)

IV. Where there is gross negligence on the part of the defendants, and a willful violation of law, the plaintiff may recover, though not free from fault himself, for it is an exception to the general principle. ( *Waldron* v. *The Rensselaer and Saratoga Railroad Co.* 8 *Barb.* 390. *Cook* v. *The Champlain Tr. Co.* 1 *Denio,* 91. *Rathbun & West* v. *Payne et al.* 19 *Wend.* 399. *Bird* v. *Holbrook,* 4 *Bing.* 628. *Guille* v. *Swan,* 19 *John.* 381. *Suydam* v. *Moore,* 8 *Barb.* 358. *Bott* v. *Wilkes,* 3 *Barn. & Ald.* 308. *Churchill* v. *Rosebeck,* 15 *Conn. Rep.* 359. *Angell on Carriers,* § 549. *Stokes* v. *Saltonstall,* 13 *Peters,* 181. *Herring* v. *The Wilmington and Raleigh Railroad Co. Livingston's Law Mag.* 1850, *p.* 511. *Hunt* v. *The New-Haven Railroad Co. in N. York Common Pleas.*)

V. From the whole case, it is evident that the death of Mr. Haring was caused by the wrongful act, neglect or default of the defendants ; and if such was the case, the plaintiff has a right to recover, independent of any negligence on her part. (*Laws of* 1847, *ch.* 450, § 1.) At any rate, the jury should have determined, from all the circumstances of the case, whether or not negligence of the defendants was the cause of the accident.

*H. E. Davies,* for the defendants. I. If the evidence is not sufficient to warrant a verdict; or if the court would set a verdict aside, if found, it is the duty of the court to nonsuit a plaintiff. (*Stuart* v. *Simpson,* 1 *Wend.* 379. 4 *Comst.* 547, 9.)

II. The statute requiring a bell to be rung at the crossings, or a whistle to be blowed, makes the company neglecting so to •

do, liable absolutely for the penalty imposed; but makes them liable only for such damages as are sustained "by reason of such neglect." (*Laws of* 1848, *p.* 235, § 37. *Id. of* 1850, *p.* 211, § 39.) The sound legal construction, in the absence of adjudged cases, would be, that the neglect to comply with the statute, must be proved according to the established rules of the common law, to have been the cause of the injury. And such has been held to be the law in a case turning upon the very point in question, in the construction of a statute almost identical with the present. (*Parker* v. *Adams,* 12 *Metc.* 415.) It abundantly appears that such neglect did not cause the injury. If it was admitted that the defendants were violating the law in proceeding without ringing their bell, their liability would not thereby be affected in an action for private damages. ( *Tindal* v. *The Inhab. of Norton,* 8 *Metc.* 388. *Butterfield* v. *Forrester,* 11 *East,* 60. *Wade* v. *Carr,* 2 *Dow. & Ry.* 255 ; 5 *C. & Payne,* 375. *Sill* v. *Brown,* 9 *Id.* 601. *Kinard* v. *Barlow,* 25 *Maine Rep.* 49.)

III. If the injury was caused in part by the negligence of each party, the plaintiff cannot recover. The law is well settled, both in New-York and elsewhere, not only that the injury must have been caused substantially and proximately by the negligence of the defendant, but that the plaintiff must affirmatively prove that his own conduct was free from negligence, and did not contribute to the injury. (*Angell on Carriers,* § 556. 2 *Greenl. Ev.* § 473. *Lane* v. *Crombie,* 12 *Pick.* 177. *Harlow* v. *Humiston,* 6 *Cowen,* 189. *Vennel* v. *Carver,* 1 *Cromp. & Mees.* 21. *Bridge* v. *G. J. Railway,* 3 *Mees. & Wels.* 244. *Hartfield* v. *Roper,* 21 *Wend.* 615, 618. *Smith* v. *Smith,* 2 *Pick.* 621. *Spencer* v. *Utica and Schenectady Railroad Co.* 5 *Barb.* 337. *Munger* v. *Tonawanda Railroad Company,* 4 *Comst.* 349.)

*By the Court,* BARCULO, J. The undisputed evidence introduced by the plaintiff, established the fact that her deceased husband, whose death is the subject of the action, was riding in a sleigh with another person, who was driving at the rapid rate

Haring *v.* New-York and Erie Railroad Co.

of a mile in four or five minutes, across the track of the railroad when the collision occurred. It also appeared that near the point of intersection, high embankments between the railroad, and highway, render it impossible for a person on the highway to see the cars coming until he gets on the track. Upon this state of facts, the simple question was presented to the circuit judge, whether such fast driving at such a place, constituted a degree of negligence that defeated the plaintiff's right of recovery.

That the deceased was guilty of negligence, cannot for a moment be doubted. A man who rushes headlong against a locomotive engine, without using the ordinary means of discovering his danger, cannot be said to exercise ordinary care. And the rule is well settled that where the carelessness and imprudence of the person injured, contributed to the injury, an action for damages cannot be sustained. (*Rathbun* v. *Payne*, 19 *Wend.* 399. *Hartfield* v. *Roper*, 21 *Wend.* 615. *Spencer* v. *The Utica and Schenectady Railroad Company*, 5 *Barb.* 337. *Brand* v. *The Troy and Schenectady Railroad Company*, 8 *Id.* 368.)

But it is contended by the counsel for the plaintiff, that the question of negligence should have been submitted to the jury. This would have been true, if there had been conflicting evidence, or if the proofs had left the matter in doubt. But when, upon the plaintiff's own showing, he has no cause of action, or has defeated his claim by his own misconduct, there can be no propriety in requiring the jury to pass upon the evidence. For if the jury should find a verdict against the law, the court would be bound to set it aside. In most cases, the result would be the same : for juries ordinarily find according to the direction or intimation of the circuit judge, where there is a strong preponderance of testimony. But there are cases in which this conformity of opinion may not exist. We can not shut our eyes to the fact that in certain controversies between the weak and the strong—between a humble individual and a gigantic corporation, the sympathies of the human mind naturally, honestly and generously, run to the assistance and support of the feeble, and

apparently oppressed ; and that compassion will sometimes exercise over the deliberations of a jury, an influence which, however honorable to them as philanthropists, is wholly inconsistent with the principles of law and the ends of justice. There, is therefore, a manifest propriety in withdrawing from the consideration of the jury, those cases in which the plaintiff fails to show a right of recovery.

This is by no means a new rule. In *Stuart* v. *Simpson*, (1 *Wend.* 376,) Chief Justice Savage says, " If the evidence would not authorize a jury to find a verdict for the plaintiff, or the court would set it aside if so found, as contrary to evidence, in such cases it is the duty of the court to nonsuit the plaintiff." So in the case of *Hartfield* v. *Roper*, (21 *Wend.* 615,) which was an action for running over an infant child while it was playing in the highway, the court held that the circuit judge erred in refusing to nonsuit the plaintiff, and granted a new trial, without requiring the payment of costs.

I am not, however, prepared to subscribe to the doctrine of nonsuiting, to the extent of applying it in *all cases*, where a verdict may be set aside, as against evidence. I find cases occasionally at the circuit, so complicated or so evenly balanced, that I feel bound to submit them to a jury ; and after they have found a verdict, I feel equally bound, on a re-examination of the case, to set the verdict aside and submit it to a second jury. If the second jury find a similar verdict, I suffer it to stand. This I understand to be the correct practice. (*Fowler* v. *The Ætna Fire Ins. Co.* 7 *Wend.* 275. *Graham on New Trials.*) But the case before us is not of that character. The facts here are plain, simple and undisputed ; and upon them the law is clear that the plaintiff cannot recover. The nonsuit was, therefore, properly ordered, and must be sustained.

Motion to set aside nonsuit denied.

[KINGS GENERAL TERM, April 5, 1852. *Morse, Barculo* and *S. B. Strong,* Justices.]