BROOKS *vs.* THE BUFFALO AND NIAGARA FALLS RAIL ROAD COMPANY.

When danger is to be apprehended, and may by ordinary observation and prudence be discovered and avoided, a party shall not recklessly or heedlessly expose himself to it, and throw the consequences of such negligence upon another who may have been equally negligent.

When an injury has been sustained, and both parties are in fault in respect to it, and no design is imputable to the defendant, the true test of his liability is, could the injury have been avoided by ordinary care on the plaintiff's part? If it could, he must bear it; he cannot avail himself of the other party's negligence.

Where a person crosses a rail road, with a team, in ignorance of the approach of a train, when the danger may be easily seen by looking for it, he is fairly

Brooks *v.* Buffalo and Niagara Falls R. R. Co.

chargeable with negligence. Much more so, if he drives on to the track and there stops, looking in an opposite direction from an approaching train, until the engine comes in contact with him, and throws him off.

THIS was an appeal from the recorder's court of the city of Buffalo. The plaintiff sued the defendants in the court below for negligently running their cars against the plaintiff while he was driving a span of horses and wagon in a public highway in the village of Black Rock, by means of which the plaintiff was thrown from his wagon and greatly injured. On the trial the plaintiff had a verdict for $900, upon which judgment was entered, and the defendants appealed to this court.

*George B. Hibbard,* for the appellant.

*Albert Sawin,* for the respondent.

*By the Court,* GREENE, J. The important question in the case arises upon the refusal of the court to direct a verdict for the defendants on the ground that the plaintiff was guilty of negligence which contributed to the injury; and the question is, was such negligence so conclusively proved by the evidence that there was no question to submit to the jury in relation to it? If so, the court should have directed a verdict for the defendant according to the request of their counsel, and the refusal to do so was error.

The undisputed facts proved on the trial are, that the defendants' cars were running on their usual time at the place in question, which was about thirty rods from the place where the plaintiff had lived for about two years, and where they had passed several times a day during all that time; that on this occasion the plaintiff was driving down a street running at right angles with the defendants' road; that for a distance of about seven rods before he reached the track, there was an unobstructed view of the rail road, in the direction from which the cars were coming, of from sixty to eighty rods, and that the cars might have been seen from the place where the plaintiff was, for that distance; that the cars must have been in plain sight from where the plain-

tiff was, during all the time after he passed the house on Albany street, seven rods from the track ; that the plaintiff drove on to the track and there stopped until the defendants' cars came in contact with him and threw him off, and that while he stood on the track he was looking away from the cars.

This case, in principle, is not distinguishable from the cases of *Spencer* v. *The Utica and Schenectady R. R. Co.* (5 *Barb.* 337,) and *Haring* v. *The N. Y. and Erie R. R. Co.* (13 *Barb.* 9.) In the first case, the plaintiff was injured by a collision with the defendants' working train, which had for some weeks been passing and repassing the plaintiff's house daily, about the same hours of the day. The plaintiff with his team was passing from his house on the north, to his meadow on the south side of the rail road, along a lane about fourteen rods in length, which crossed the rail road at right angles. From any part of this road there was an uninterrupted view of the western line of the road, from which direction the defendants' cars came for nearly a mile. Gridley, J., says : " Upon the undisputed facts of this case it is impossible to maintain that the plaintiff was free from negligence, because he either saw the train approaching before he drove upon the track, or he did not. If he *did*, it was an act of madness voluntarily to place himself in the way of the train. If he did not, as is most probable, but during the entire 14 rods allowed his attention to be attracted to his neighbor's load of hay, according to the testimony of one witness, that was an act of most lamentable want of care." The case of *Hartfield* v. *Roper*, (21 *Wend.* 615,) is cited, and the learned justice adds, " if that case is law, then upon the undisputed facts contained in the report of this cause the plaintiff must be held guilty of negligence ; and that being the case, neither the report of referees nor the verdict of a jury can stand." In the case of *Haring* v. *N. Y. and Erie Rail Road Co.*, the deceased, whose death was the subject of the action, was riding with another person who was driving at the rate of a mile in four or five minutes, on a highway which crossed the defendants' road at a point where there were high embankments between the rail road and

highway, rendering it impossible for persons on the highway to see the cars until they got upon the track. It seems, from the opinion of Justice BROWN, who nonsuited the plaintiff at the circuit, that in that case, as in this, one act of negligence on the part of the defendant relied on by the plaintiff, was a failure to ring the bell as the statute requires. There being evidence upon this question, the justice at the circuit was bound to assume, for the purposes of the motion for a nonsuit, that the negligence was proved, yet it was held that the plaintiff could not recover. Mr. Justice BARCULO, in giving the opinion of the court, says : " Upon this state of facts the simple question was presented to the circuit judge, whether such fast driving at such a place constituted a degree of negligence that defeated the plaintiff's right of recovery. That the deceased was guilty of negligence cannot for a moment be doubted. A man who rushes headlong against a locomotive engine without using the ordinary means of discovering his danger, cannot be said to exercise ordinary care." The principle of these cases is, that when danger is to be apprehended and may by ordinary observation and prudence be discovered and avoided, a party shall not recklessly or heedlessly expose himself to it, and throw the consequence of such negligence upon another who may have been equally negligent. Where an injury has been sustained and both parties are in fault in respect to it, and no design is imputable to the defendant, the true test of the defendant's liability is, could the injury have been avoided by ordinary care on the plaintiff's part? If it could, he must bear it; he cannot avail himself of the other party's negligence.

The negligence of the defendants in not ringing their bell in this case must be assumed, and if that had been the only means by which the plaintiff could be apprised of the approach of the cars, it might be decisive of the case. But he was driving directly towards the track, at an hour when he had been accustomed to see them pass that point daily, where he ought to have expected them, and where in fact they were, within 20 rods of the crossing, running on a descending grade of 50 feet to a mile, and in plain sight all the time after he had approached within

seven rods of the track. No one will pretend that the plaintiff would have been justified in attempting to cross the track ahead of the train if he had actually seen it. It would have been an act of sheer recklessness. It was an act of negligence evincing a " lamentable want of care," to drive upon the track heedless of the approaching train, which he might have seen and avoided by turning his eyes in the direction where at least ordinary caution, under the circumstances, would have prompted him to look for it. I have no hesitation in saying, that when a party crosses a rail road in ignorance of the approach of the train, rendering such crossing dangerous, when the danger may be easily seen by looking for it, he is fairly chargeable with negligence. But however this may be, there can, I think, be no doubt that the plaintiff's stopping on the track at the time in question and allowing his attention to be diverted in another direction until he was thrown from the track by the collision, was an act of gross negligence. It is an aggravation rather than an answer to this charge of negligence, to say as he did after the accident, that he was not thinking about the train. It is about the only thing he should have thought of; for, whether he knew when the cars passed that point or not, he knew that his position, standing across the track, was one of extreme danger, and if he did not think until reminded of it by the dear experience which followed, he cannot charge the consequence of that thoughtlessness upon the defendants. His misfortune may be a proper object of sympathy; but this is a question as to the legal liability of the defendants to repair that misfortune; and while rail road corporations must be held to their responsibilities, they must have their rights.

It was objected on the argument, that the request of the defendants' counsel, putting the allegation of the defendants' negligence on the fact of stopping on the track " at the time in question," excludes the consideration of the other circumstances tending to prove negligence. In the view I have taken of the case, the request, if it is to be so construed, was sufficient. But I think it is not to be so limited. It fairly apprised the court of the negligence on which the defendants relied, and that was enough.

It is unnecessary to consider the other points. I think his honor the recorder erred in submitting the cause to the jury, and that the judgment should be reversed.

Judgment reversed.

[ERIE GENERAL TERM, May 8, 1854. *Marvin, Bowen* and *Greene,* Justices. Affirmed by the Court of Appeals, December Term, 1855.]