## BROOKS *v.* THE BUFFALO AND NIAGARA FALLS RAILROAD COMPANY.

December, 1855.

Affirming 25 *Barb.* 600.

Plaintiff, who lived within a few rods of the railroad, stopped his team upon a track, while driving across it, and in consequence of his thus

stopping without looking out for the train, which he might have seen, before reaching the track, if he had taken due care, was run over.— *Held*, a clear case of contributory negligence, and that it was the duty of the judge on proof of these facts to grant a nonsuit or direct a verdict for defendants.*

Robert Brooks brought this action in the recorder's court (now superior court) of the city of Buffalo, against the Buffalo & Niagara Falls R. R. Co., to recover damages for negligently running their cars against plaintiff's wagon while driving in the public highway, in the village of Black Rock; whereby plaintiff's wagon was broken, and plaintiff and his horses greatly injured.

Upon the trial, it appeared that the track of defendants' road at the place where the collision happened, and for a long distance north and south thereof, was within the bounds of a public highway; and that the collision occurred at a point where a road, on which plaintiff was driving, crosses the railroad track at right angles thereto; and while the cars were passing at the usual time, at a speed of about eight miles per hour. That plaintiff was a teamster, living in the vicinity of the place of the accident; that he drove on a trot, towards the railroad, of which, at a distance of seven or eight rods therefrom, there was an unobstructed view of about sixty or eighty rods of the track; that he stopped on the track; and while standing there was struck by the train. That the cars must have been in plain sight when plaintiff came within seven rods of the track, and when he stopped on the track he was looking away from the cars. That the engineer discovered plaintiff going towards the railroad, when he was at a distance therefrom of about twice the length of his wagon; and, when plaintiff stopped on the track, that he immediately reversed the engine, but too late to avoid the collision. As to the ringing of the engine bell previous to the accident, the evidence was conflicting. Upon the close of the evidence, defendants' counsel moved for a nonsuit, or that the jury be directed to find a verdict for defendant, for

---

* Compare Bernhard *v.* Rensselaer, &c. R. R. Co., p. 131 of this vol.; and Jetter *v.* N. Y. & Harlem R. R. Co.; Mentz *v.* Second-ave. R. R. Co., reported in this series; also see 18 *N. Y.* 422; 29 *Id.* 315, 34 *Id.* 9; 39 *Id.* 358.

the reason that it affirmatively appeared that plaintiff had been guilty of carelessness or negligence, which contributed to his injury, and consequently could not recover. The court refused the request. And the jury rendered a verdict for plaintiff for nine hundred dollars; and judgment was entered accordingly.

The *supreme court* at general term reversed the judgment, and ordered a new trial, on the ground of error of the court below in directing a verdict for defendants, because of negligence of plaintiff contributing to his injury.

The supreme court decided the case on the authority of Spencer *v.* Utica & Schenectady R. R. Co., 5 *Barb.* 337; and Haring *v.* New York & Erie R. R. Co., 13 *Barb.* 9. Reported in 25 *Barb.* 600.

*Albert Sawin,* for plaintiff, appellant.

*John L. Talcott,* for defendant, respondent;—Cited Foot *v.* Wiswall, 14 *Johns.* 304; Hartfield *v.* Roper, 21 *Wend.* 615; Spencer *v.* Utica & S. R. R. Co., 5 *Barb.* 337; Haring *v.* New York & Erie R. R. Co., 13 *Id.* 9.

CRIPPEN, J.—I agree with the supreme court, that the undisputed testimony very clearly established that the plaintiff was guilty of negligence on his part, which at least contributed to, if it did not wholly cause the collision complained of.

It seems to me, that no one, carefully reading the testimony, can doubt but that the plaintiff was guilty of gross carelessness in driving his team on the railroad track. Allowing that he did not stop his team on the track, as some of his witnesses say he did, yet he knew the time the afternoon train would pass along the track. It was the regular train from Buffalo to the Falls, and passed the same time every afternoon. The plaintiff lived within a few rods of the road, and must have known of the afternoon train and also the regular time for its passing along the track; it was incumbent upon him to keep a lookout, or keep away from the road. He could see the railroad several rods before reaching the crossing, and if due care had been observed by him to avoid the collision, he could not have failed of discovering the approaching train.

In my opinion, the judge should have granted the nonsuit, after the testimony was closed, or should have instructed the jury to render a verdict in favor of the defendant. It was sufficient for the defense that the plaintiff resided near the railroad where the collision occurred,. and knew the time of the afternoon train passing down the road. He, therefore, was warned to keep his team out of reach ·of the cars. It is clear to my mind that the plaintiff was guilty of negligence on his part, which contributed to the injury that he received by the collision.

If this is a correct view of the case, then the law is well settled that the plaintiff could not recover in the action. It cannot be necessary to cite the authorities to sustain this principle.

My opinion is, the judgment of the supreme court must be affirmed.

A. S. JOHNSON, J.—The supreme court was, I think, right in reversing the judgment in this cause, and granting a new trial. The point was, whether the plaintiff had been guilty of negligence, which contributed to the injury complained of. It appeared conclusively that the plaintiff stopped upon the track while driving across it, and if he had continued his course the accident would not have occurred. The attempt to cross a railroad track without looking up and down it, to see if any train is appaoaching, seems to me to be such an act as a man of ordinary prudence would hardly be guilty of. To stop upon it it without taking that precaution must be reckoned a still greater departure from prudent conduct. Spencer *v.* Utica & Erie R. R. Co., 5 *Barb.* 337; Haring *v.* N. Y. & Erie R. R. Co., 13 *Id.* 9.

Judgment affirmed, with costs.