ANDREW MORRIS *v.* ANSON G. PHELPS AND OTHERS.

Where a party has been injured by a collision upon a public highway, he cannot maintain an action if the facts show that he has in any manner, by his own carelessness or neglect, contributed to or caused the injury of which he complains.

M. left his horse and cart standing upon a public pier or dock, within two feet of the edge, at a time when the pier was crowded, and there was room for only one horse and cart to pass upon it. The horse's bit was out, and he was feeding. The defendants' cart, passing, came in contact with M.'s cart, and threw it and the horse into the river, where the horse was drowned.

*Held*, that M. could not recover therefor. He was not only obstructing a public highway, but was guilty of gross negligence in leaving his horse at the edge of a dock, after removing the bit, the only thing by which the animal could, in case of accident or emergency, be controlled.

APPEAL by defendants from a judgment of the Marine Court at general term. This action was brought to recover damages for the death of the plaintiff's horse. The facts in the case are fully stated in the opinion of the court.

*Abram Wakeman*, for the appellants.

*Francis Byrne*, for the respondent.

By the Court, HILTON, J.—To entitle the plaintiff to recover in this action, it was necessary for him to establish the proposition, that the killing of his horse was caused by the wrongful acts of the defendants, or of their servant while in their employment; and that he did not in any way, by fault or negligence on his part, cause or contribute to the injury of which he complains. *Butterfield* v. *Forrester*, 11 East, 61; *Bush* v. *Brainard*, 1 Cowen, 78; *Harlow* v. *Humiston*, 6 Cowen, 191; *Brownell* v. *Flagler*, 5 Hill, 282; *Brown* v. *Maxwell*, 6 Hill, 592; *Spencer* v. *Utica and Schenectady RR.*, 5 Barb. 337; *Brand* v. *Schenectady and Troy RR.*, 8 Barb. 368, 382.

It appears, from the evidence on the trial, that on November

Morris v. Phelps.

17th, 1857, the plaintiff's horse, attached to a coal cart, was standing on the upper side of the pier or dock at the foot of Beekman-street in this city, with the bit out of his mouth, feeding out of a bag placed on top of a cask. The cart was along side of the string piece of the pier, and the horse was within two feet of its edge. This was between one and two o'clock in the day, when the dock was crowded with vehicles, and there was not room for more than one horse and cart to pass on the dock alongside of where the plaintiff's horse was standing. A horse and cart of the defendants', in passing through this space loaded with sheet iron for the bonded warehouse, came in contact with the plaintiff's cart, threw his horse over the side of the pier, and, after hanging a short time upon a hawser, the animal fell into the water and was drowned.

These are the undisputed facts, and upon them it is impossible to say that the plaintiff was free from negligence. He was not only obstructing a public highway at an hour of the day when it was so crowded as to permit but one vehicle at a time to pass through it, but he was guilty of gross negligence in standing his horse at the edge of a pier after removing the bit, the only thing by which the animal could, in case of accident or emergency, be in any way controlled.

It is a rule of law too well settled to admit of any doubt, that where a party has been injured by a collision upon a public highway, he cannot maintain an action if the facts show, as in this case, that he has drawn the mischief on himself by his own carelessness and neglect. *Hartfield* v. *Roper*, 21 Wend. 615; *Rathbun* v. *Payne*, 19 Wend. 399; *Burcle* v. *N. Y. Dry Dock Co.*, 2 Hall's Super. Ct. R. 151; *Lane* v. *Crombie*, 12 Pick. 177; *Smith* v. *Smith*, 2 Pick. 621.

It was the duty of the judge on the trial in the court below, upon these facts, to have dismissed the complaint; and the judgment in favor of the plaintiff should therefore be reversed.

Judgment reversed.