## HONEGSBERGER *v.* SECOND-AVENUE RAILROAD COMPANY.

### December, 1864.

Reversing 1 *Daly*, 89.

The rule that one who sues for damages for a personal injury sustained by defendant's negligence, must have been free from negligence upon his own part, applies where the person injured is an infant, the same as where he is an adult.

The plaintiff allowed his son six years of age to go to and from school through the streets of a crowded city without a protector, and the son was run over by the defendants. *Held,* that if the neglect of the boy to exercise the degree of care which an adult of ordinary prudence would use, contributed to the injury, the father could not recover.*

David Honegsberger sued the Second-avenue Railroad Company, in the New York common pleas, for damages which he had sustained by the injury of his son Solomon, a lad of six and a half years of age, by being run over by defendants' car.

---

* Compare the following cases : Jetter *v.* N. Y. & Harlem R. R. Co., and Mentz *v.* Second-Ave. R. R. Co., both reported in this series; Mangam *v.* Brooklyn R. R. Co., 38 *N. Y.* 455; Bulger *v.* Albany Railway, 42 *Id.* 459; Sheridan *v.* Brooklyn, &c. R. R., 36 *Id.* 47. Consult also on this subject, 8 *Gray,* 123; 9 *Allen,* 401; Robinson *v.* Cone, 22 *Vt.* 213; Daly *v.* Norwich, &c. R. R. Co., 26 *Conn.* 598; Robinson *v.* Coe, 22 *Penn.* 226; Rauch *v.* Lloyd, 31 *Id.* 358, 370; Penn. R. R. Co. *v.* Kelly, *Id.* 372; Phil. R. R. Co.

The lad was returning from school, in the city of New York, at three o'clock in the afternoon of a day in May, 1857. As he was crossing Second-avenue, near Ninth-street, on his way home, he was run over by one of the defendant's cars. At the time of the accident the driver of the car was conversing with a passenger, and had his face turned away from the horses, and did not notice the boy on the track until his attention was called to him by a passenger. There was conflicting evidence as to whether the driver could have stopped the car in time to have prevented the accident.

The judge charged the jury that it was necessary for plaintiff to prove that the injury was produced by the *exclusive* negligence of the defendants, and that the boy's negligence did not contribute to it. " But in determining what would or would not be negligence on the part of the boy, it is not to be understood that a child of the age of the boy is to be held to the same degree of caution, foresight and discretion that would be exacted from an adult. If the child has arrived at an age in which his parents, in the exercise of sound discretion, are justified in permitting him to go to school alone and unattended; if they are chargeable with no negligence in suffering him to do so, the child, while in the public streets, is to be held only to the exercise of that caution and discretion of which children of his age are presumed to be capable. If he does that, it is all that the law can require. There may be cases in which an adult, in going through, or crossing the public street, would be expected to exercise a degree of discretion and judgment, in respect to the safety of his person, or to avoid accidents, which could not, to the same extent, be expected from a child, though he had arrived sufficiently at years of discretion to justify his parents in allowing him to go into the public streets alone, especially in going to and from school."

*v.* Spearen, 47 *Id.* 305; Smith *v.* O'Connor, 48 *Id.* 218; North Penn. R. R. Co. *v.* Mahoney, 57 *Id.* 187; Carter *v.* Towne, 98 *Mass.* 568; Grill *v.* Gen. Iron Co., *Law Rep.* 1 *Com. Pl.* 600 : *Exch. Ch.* 3 *Id.* 476; O'Flaherty *v.* Union R. R. Co., 3 *Am. Law Times R.* 42 ; Boland *v.* Missouri, 36 *Mo.* 490; City of Chicago *v.* Mayor, &c., 18 *Ill.* 360; 42 *Id.* 356; City *v.* Kirby, 8 *Min.* 169; Whirley *v.* Whittemore, 1 *Head* (*Tenn.*) 620; B. & I. R. R. Co. *v.* Snyder, 18 *Ohio St.* 399 ; Ihl *v.* Forty-second Street R. R. Co., 47 *N. Y.* 317.

To this, defendants excepted; and requested the judge to charge that it was negligence on plaintiff's part to allow his son, a lad six years of age, to be in the crowded streets of the city without a protector. This the judge refused, and defendants excepted.

Under the instructions of the judge, the jury awarded plaintiff as his damages the amount of his expenses in consequence of the injury.

*The common pleas,* at general term, on appeal from an order refusing a new trial, held, that if a child which the law considers of sufficient age to go alone in the public street, exercises the caution of one of its years, this is all that the law requires of it. The defendants appealed.

*John K. Porter* and *Waldo Hutchins,* for defendants, appellants;—Cited Haring *v.* N. Y. & E. R. R. Co., 13 *Barb.* 9; Sheffield *v.* Rochester & Syracuse R. R. Co., 21 *Id.* 339; Wilds *v.* Hudson River R. R. Co., 24 *N. Y.* 430; Ernst *v.* Same, 24 *How. Pr.* 97; 98 *Eng. Com. L.* 566; Hartfield *v.* Roper, 21 *Wend.* 615; Brown *v,* Maxwell, 6 *Hill,* 592; Kreig *v.* Wells, 1 *E. D. Smith,* 74; Munger *v.* Tonawanda R. R. Co., 4 *N. Y.* (4 *Comst.*) 359.

*Andrew Boardman,* for plaintiff, respondent;—Cited Bernhardt *v.* Renss., &c. R. R. Co., 19 *How. Pr.* 199;[*] Wilds *v.* Hudson River R. R. Co., 33 *Barb.* 503; Mangam *v.* Brooklyn City R. R. Co., 36 *Id.* 230; Oldfield *v.* N. Y. & Harlem R. R. Co., 3 *E. D. Smith,* 103; 14 *N. Y.* 310.

BY THE COURT.—HOGEBOOM, J.—The charge of the judge, as construed in the light of the evidence, must be considered as applied to a child of some six or seven years of age. That was the age stated in the plaintiff's complaint and not denied in the answer, and assumed in the defendants' request to charge the jury and not then controverted. So understood, and remembering also the fact that the father and not the child is the plaintiff in the action, I am of opinion that the charge was

[*] See vol. 1, p. 131, of this series.

erroneous. Even as applied to the child if he had been plaintiff, I do not see how such a charge could be sustained if we adhere to the case of Hartfield *v.* Roper, 21 *Wend.* 615, decided five and twenty years ago, and followed in subsequent cases. See 5 *Hill*, 282; Brown *v.* Maxwell, 6 *Id.* 592; Spencer *v.* Utica R. R. Co., 5 *Barb.* 337; 27 *Id.* 228; Button *v.* Hudson River R. R. Co., 18 *N. Y.* 248, 251; Steves *v.* Oswego & Syracuse R. R. Co., *Id.* 422; Munger *v.* Tonawanda R. R. Co., 4 *Id.* 349; 1 *E. D. Smith*, 74.

In Hartfield *v.* Roper, the infant himself, a child of about two years of age, was the plaintiff, and Justice Cowen, speaking of the rule that a negligent party cannot recover damages consequent upon a collision on the highway, says: "The application may be harsh when made to small children; as they are known to have no personal discretion, common humanity is alive to their protection, but they are not therefore exempt from the legal rule when they bring an action for redress; and there is no other way of enforcing it, except by requiring due care at the hands of those to whom the law and the necessity of the case has delegated the exercise of discretion. An infant is not *sui juris*. He belongs to another to whom discretion in the care of his person is exclusively confided. That person is keeper and agent for this purpose, and in respect to third persons, his act must be deemed that of the infant; his neglect the infant's neglect." "It is plain in the nature of things that if an infant insist on a right of action he must show a compliance with the conditions on which his right is to arise, and this is entirely irrespective of his age."

In Munger *v.* Tonawanda R. R. Co., 4 *N. Y.* 349, Judge Hurlbut, in delivering the opinion of the court, while speaking of the general rule that in actions for negligence the person bringing the action must be free from negligence contributing to the injury, remarks as follows (p. 359): "Lord Denman, in Lynch *v.* Nurdin, 1 *Ad. & E.* 29, allowed an exception in favor of the plaintiff, a child seven years old, who received an injury by getting into the defendant's cart, which was carelessly left in the street. This decision has not, however, been followed in this State; but the negligence and imprudence of the parents or guardians in allowing a child of tender years to

be exposed to injury in the highway has been held to furnish the same answer to an action by the child, as the negligence or other fault of an adult plaintiff would have done in a similar case. Hartfield *v.* Roper, 21 *Wend.* 615 ; Brown *v.* Maxwell, 6 *Hill*, 592."

In Willetts *v.* Buffalo & Rochester R. R. Co., 14 *Barb.* 585, 592, the same rule was applied in the case of a lunatic, who, being in company with his father on a railroad train, was temporarily left by the latter, who stepped off the car to procure some refreshment, and during his absence the lunatic being applied to by the conductor for his fare, refused to pay the same, and thereupon was ejected from the car, and was run over by another train of cars and killed.

If, therefore, the infant had been plaintiff, and had been guilty of negligence, he could not recover under the law as it is administered in this State ; and if he could not recover, the father cannot recover. His right of action is no greater than that of the infant would be, for he claims through the infant and upon the theory that the infant is free from blame. There may possibly be some reason for saying that as he adopts the act of the infant and seeks to derive benefit from it, he must be considered as in the place of the infant, and responsible for negligence in the same way as if he had been the party injured. But it is not necessary to decide that question.

The point then to be determined is, what would be the degree of care which would be required of the infant to exempt him from the imputation of negligence. I know of but one rule on the subject as the law is held with us, and I think it applies to all persons without exception and makes no discrimination on account of age. It is that degree of care which a person of ordinary prudence would exercise in the situation supposed. There is no other safe rule. No other rule would protect the community. An infant of tender years, incapable of exercising requisite discretion, is not to be permitted to occupy the highway for the purpose of entitling himself to an action for injury except upon the condition of being subjected to the consequences of negligence attached to persons in general. Otherwise the tenderer the age and the less the discretion, the more perfect and frequent the cause of action, because more easily

sustained and oftener occurring. Such a rule is not capable of safe practical enforcement.

I think this position is not answered by saying that the charge assumes that the jury should find the plaintiff free from negligence in sending the boy to school unprotected. The defendant asked the court to charge that such act of the father in sending so young a child to school through so crowded a thoroughfare as the streets of New York, without a protector, would be in itself negligence. The court refused so to charge, and the defendants excepted. But assume that such conduct might not be subject to the imputation of negligence, that is that a prudent person might send his boy of six years old to school alone through the streets of New York, it does not follow that this particular act is from negligence, nor such as would be likely to be practiced even by boys of that age. Nor does it follow that even for purposes of education such conduct on the part of the father should not be discouraged, that it is not subject to the condition that if the infant in fact becomes guilty of negligence, and in consequence thereof suffers a personal injury, he is not to take advantage of his own wrong, and thereby entitle himself to an action for redress. The charge must be read, I think, as speaking of negligence in a general way, in reference to a general practice of sending children of such an age to school, as not censurable, and not as applied to the actual circumstances of the present case. I think the judgment should be reversed and a new trial granted, with costs to abide the event.

A majority of the judges concurred.

Judgment reversed, and new trial ordered, with costs to abide event.