NICHOLS v. TUTTLE *et al.*

*(Supreme Court, General Term, Fifth Department.* · January 24, 1891.)

APPEAL—REVIEW—SECOND VERDICT.

Where there have been two trials of a cause, and the same verdict was rendered on each trial, the second verdict will not ordinarily be disturbed, though it seems to be contrary to the evidence.

Appeal from circuit court, Niagara county.

Action by Charles A. Nichols, an infant, by Mark A. Nichols, his guardian *ad litem,* against Will E. Tuttle, Galen O. Weed, and Arvine M. Knickerbocker for libel. Judgment was entered on a verdict for defendants, and a motion for a new trial was denied, and plaintiff appeals.

Argued before DWIGHT, P., J., and MACOMBER and CORLETT, JJ.

*E. M. & F. M. Ashley,* for appellant. *John E. & Cuthbert W. Pound,* for respondent Tuttle. *Hoyt, Beach & Hancock,* for respondents Weed and Knickerbocker.

CORLETT, J. On the 9th day of July, 1887, an article was published in the Syracuse Times, written by one Will E. Tuttle, a resident of the city of Lockport, which was construed to charge the plaintiff with acts of immorality. The article was grossly libelous, and the plaintiff, by his guardian, brought an action against the editors of the newspaper and Tuttle to recover damages. It was first tried in May, 1888, at the Niagara circuit, before Justice LEWIS and a jury, and resulted in a verdict of no cause of action. The justice granted a new trial, upon the ground that the verdict was against evidence, stating, among other reasons for granting it, that the "jury ignored the evidence, and permitted prejudice or some other improper influence to guide them in their conclusion." The order was affirmed by this court. The case was again tried in September, 1889, before Justice DANIELS and a jury, which also found a verdict for the defendants; a motion was made before him for a new trial. The libelous article did not name the plaintiff as the person intended by the publication. It was necessary for the plaintiff to give evidence showing that the article related to him. But the whole evidence was of such a character as to strongly indicate that the publication related to the plaintiff. The question, however, was one of fact for the jury. The learned counsel on both sides agreed that the case could not be disposed of on questions of law, but must be passed upon by a jury. The court denied the motion for a new trial. Judgment was entered on the verdict, and the plaintiff appealed from the order and judgment to this court.

It certainly seems remarkable that the jury, on the evidence presented on the trial, failed to find a verdict in favor of the plaintiff. So far as appeared, the article was without foundation, and its publication entirely unjustifiable. The evidence strongly tended to show that the publication was induced by malice, and that it related to the plaintiff, and that it was so intended by the writer and publishers, and was so construed by those who read it. · It is a familiar rule that, where a case is such as to require its submission to the jury, the court will not set aside the verdict except for controlling reasons. *Morss* v. *Sherrill,* 63 Barb. 21. If this was not the second trial, there would be strong reasons for granting a new one on the grounds assigned by the justice before whom it was first tried. · But the rule seems to be firmly established that, where two verdicts are the same in a case which must be submitted to a jury, the second verdict will not ordinarily be disturbed. *Haring* v. *Railroad Co.,* 13 Barb. 9–16; *Fowler* v. *Insurance Co.,* 7 Wend. 275; *Talcot* v. *Insurance Co.,* 2 Johns. 467; *Betsinger* v. *Chapman,* 24 Hun, 15. It is true that this rule is not inflexible, still, in all cases, two verdicts the same way strongly influence the result on a second application for a new trial. *Hamilton* v. *Railroad Co.,* 40 N. Y. Super. Ct. 376. The reason for this rule is apparent. Where a cause is of such a nature that it must be submitted to a jury, the granting of a second new trial, where verdicts have been the same way, would tend to breed confusion and produce delay. Under the circumstances, the order appealed from must be affirmed. All concur.