Hoffman J.
It appears from the evidence presented by the case, that when fire is about to be applied to a ship’s bottom, water and brooms are usually provided, to guard against accidents; and that with these precautions a vessel may be safely graved. The plaintiffs, although warned that there would be hazard, unless such care was taken, having neglected all the usual precautions, cannot found an action for damages upon their own negligence.
The rule of the civil law, I apprehend, does not sustain the counsel for the plaintiffs in the position he has taken ; because from the testimony it clearly appears, that they have suffered entirely from their own carelessness and want of caution,—even if there was some negligence on the part of the defendants. In *159 order to lay the foundation of an action against the defendants for a negligence of this kind, the neglect complained of, must be the cause of the plaintiff’s loss. But in this case there is no evidence to sustain the principle, upon which the action rests. I see no error in the charge of the Judge, and am satisfied, that the motion for a new trial must be denied.
But as the second count of the plaintiffs’ declaration charges upon the defendants a mal-construction of a part of the machine, which they let to the plaintiffs, it may not be improper to ascertain, whether there is any just cause of complaint from that source. The pawls attached to the cradle, it seems, were secured by ropes; and the plaintiffs insist, that these pawls should have been secured by chains. But it seems to me, that the defendants were hardly bound to take such a precaution, since they could not have anticipated a fire, which should extend to the cradle. But if this was a defect in the machine, it was an apparent one, and open to the plaintiffs. If they thought the rail-way insecure, they were not bound to use it; and the defendants in my view of the case warranted nothing connected with their rail-way. A commission merchant is not bound to store his goods in a fire-proof building, although they would be much safer there than in a wooden warehouse. The law leaves the owner to effect insurance in such cases, and imposes no obligation on the commission-merchant, to seek a place of storage, which is absolutely secure.
In this case, although the rail-way would have been safer, if the pawls had been secured by chains instead of ropes; still the defendants were not bound to provide chains,—since the plaintiffs were at liberty to exercise their own judgments, as to the safety of the machine.
Suppose the defendants had persisted in the use of ropes, after the accident took place; could their customers complain of this resolution'? They have the option to use the machine or not to use it, as they may think proper, and they must rely upon their judgments as to its safety. It is true the ropes were burnt, and by that means the plaintiffs were deprived of the power of launching the cradle and vessel into the water: but it must be remembered, that the ropes were destroyed by a fire originating in the *160 plaintiffs’ negligence. The injury did not in fact proceed from any defect in the machine, but from want of caution on the part of the plaintiffs, and they cannot, therefore, sustain their action.
In my view of the subject, the charge of the Judge was correct ; and I do not think, that the jury have found against the weight of the evidence under the charge. On the contrary, the proof was strong to charge the plaintiffs with gross negligence on their part; although it is evident, that there was some cause of complaint, as to the situation of the rail-way, in relation to the accumulation of combustible materials under the cradle. Upon the whole view of the case, I am clear, that this action cannot be sustained, and that the motion for a new trial must, therefore, be denied.
Oakley J.
The defendantswere proprietors of a certain dry-dock or rail-way, with a machine for raising vessels out of the water, for the purpose of cleaning and repairing them. Theplaintiffs hired the machine, and placed their brig Eagle upon it, under the direction of their own agents and workmen ; and in the attempt to burn off the tar from her bottom, she took fire, and was much injured; They have brought this special action on the case against the defendants for damages; and they rest their right of recovery on two grounds t 1st, that the defendants had negligently suffered a quantity of combustible materials to accumulate under the machine, by means of which the fire originated and was communicated to the vessel; and 2dly, that the machine itself was insecurely and improperly constructed, so that the plaintiffs were unable to rescue the vessel from the fire; by launching her into the water.
The defence was, that the fire originated from the carelessness and negligence of the plaintiffs, and from their omitting to use the ordinary precautions, in such cases, against fire. The Judge charged the Jury that the defendants were not liable, if the injury arose from the negligence of the plaintiffs or their agents; and that they were not bound to put their machine in a state to guard against hazard, arising from the want of ordinary care on the part of those who used it; and under this charge, the jury found a verdict for the defendants. The plaintiffs now move for a new trial, on the ground that the Judge misdirected the jury.
*161 Assuming that the defendants would, under any circumstances, be liable for injury, sustained by vessels, while repairing under the superintendence of their owners, I think it quite clear, upon general principles, that no action can be sustained, where the plaintiffs have been guilty of negligence m managing their own property, and have thus in fact caused the very injury, of which they complain. No man can lay the foundation of an action against another by his own wrong, or by the breach of any duty on his part. This is the dictate of common justice as well as of common sense. The defendants in the' present case, to say the most, were only bound to keep their machine in a situation capable of being safely used, for the purposes for which it was intended, by those, who should manage it with ordinary care. They cannot be held to warrant the plaintiffs against the consequences of their own rashness.
In the case of Bush v. Brainard [1 Cowen 78] the principles above laid down are fully recognized. The Chief Justice says, “ it is necessary to inquire, not only whether the defendant has “ been guilty of culpable negligence on his part, but whether “the plaintiff is free from a similar charge.” The cases of Blythe v. Topham. (Cro. James 158.) and Butterfield v. Forrester, (11 East. 60.) go upon the same principle.
I do not think it necessary to pursue the subject further. It seems too plain for any question.
It was contended also on the argument that the verdict was against the weight of evidence, as to the alleged negligence of the plaintiffs agents, and the cause of the fire. I think otherwise. The evidence, detailed in the case, is very strong to show gross carelessness, and even rashness on their part, and it fully warrants in my judgment the conclusion, which the jury drew from it.

Motion for a new trial denied.

[E. Anthon, Att’y for the plffs. Hallott and Walker, Att'y for the defts.]