MUNGER vs. THE TONAWANDA RAILROAD COMPANY.

It seems that a railroad corporation, by proceedings duly taken under its charter, acquires the *title* to lands appropriated for the use of the road.

And, therefore, where cattle escape from the enclosure of the owner and stray upon the track of a railroad, they are to be regarded as trespassing upon the lands of the railroad company.

An action on the case for negligence can not be sustained if the wrongful act or negligence of the plaintiff co-operated with the misconduct of the defendant to produce the injury complained of.

And the law charges the owner of cattle with a wrongful or negligent act, if the beasts stray from his enclosure and go upon lands appropriated by a railroad corporation, although his enclosure is kept well fenced, and he is guilty of no actual carelessness in suffering them to escape.

Accordingly, held, that a railroad company was not liable for negligently running an engine upon and killing the plaintiff's cattle, which had escaped from his enclosure and strayed upon the track of the railroad.

THIS was an action on the case, brought in the court of common pleas of Monroe county, to recover the value of two oxen, alledged to have been killed through the negligence of the defendants, in running their cars over them, in September, 1843, the oxen being at the time on the track of the defendants' railroad. The first count of the declaration alledged, among other things, that the defendants procured the lands over which their road passed, in the manner required by the act to incorporate them, passed April 24, 1832. The second count alledged [350] that the defendants acquired title to such lands " on complying with the provisions of said act." The third count alledged that the plaintiff's cattle casually strayed in and upon the "lands of said company, and upon said railroad." All the counts charged that the killing of the cattle occurred through the carelessness and negligence of the defendants in running their cars over them. The plea was the general issue.

At the first trial, which was had in the common pleas, in December, 1844, the plaintiff had a verdict, and that court rendered judgment thereon. The supreme court reversed the judgment, on error brought, and awarded a new trial. (*See* 5 *Denio*, 255.) The cause then became vested in the supreme court, under the new constitution, and was brought again to trial before Justice SELDEN, at the Monroe county circuit, in June, 1848. On the trial, it was proved that the cattle were killed on the track of the defendants' railroad, by being run over by an engine drawing a train of cars in the town of Gates, Monroe county. The plaintiff offered to prove that the title to the land where the accident occurred was in him, subject only to the rights which the defendants had acquired by proceedings before the vice chancellor, pursuant to their charter. This was objected to, on the ground that the declaration alledged the defendants to be the owners of the land, and the court sustained the objection. The plaintiff then offered to enter a *nolle prosequi* upon the third count of the declaration, and offered the same

evidence under the first and second counts. The objection was renewed and sustained. The plaintiff then offered to show that the defendants never acquired any title to the land in question, for the reason that they had paid no compensation therefor, notwithstanding they might have taken the proceedings required by the charter. This evidence was objected to and the objection sustained. The plaintiff then offered to prove that the accident happened through the negligence of the defendants, and might have been avoided by the exercise of ordinary care. This evidence was also objected to and excluded. In the course of the trial evidence was also offered by the plaintiff to show that the pasture from which the oxen escaped was well fenced, [351] and that they were quiet and orderly beasts. This evidence was objected to and excluded.

The plaintiff was nonsuited, and the supreme court in the seventh district refused a new trial. The plaintiff appealed from the judgment to this court.

*J. C. Cochrane,* for appellants. I. The proof offered that the pasture where the oxen in question were kept was well fenced, and that the oxen were quiet and orderly, was admissible and should have been received. It tended to show that the plaintiff was not guilty of negligence ; or, in other words that he had taken all reasonable care to provide against accident. The rule in relation to domestic animals having in themselves the power of locomotion, is, that the owner is not responsible for their vicious acts unless he has, by his negligence or in some other way, participated in those acts. (*Goodman* v. *Taylor,* 5 *Carr. & Payne,* 410 ; 24 *Eng. C. L. Rep.* 385 ; *Lyke* v. *Van Leuven,* 4 *Denio,* 127.) Even where the animals are trespassing at the time, the rule is the same. The cases of an injury inflicted by a dog not known to have been accustomed to bite, or by an ox not known to have been accustomed to push with his horn, for which the owners are held not to be responsible, are illustrations of the same principle. At all events, the testimony was admissible to show *the degree* of negligence with which the plaintiff was chargeable, if any.

II. The testimony offered to show that the plaintiff was the owner of the land where the oxen were killed, was admissible under the first two counts of the declaration. These counts, fairly interpreted, do not alledge that the defendants were the owners in fee of the land; but merely that they had such title as they were authorized to acquire, on complying with the conditions of their act of incorporation. The terms used in these counts, exclude the idea that they acquired it by cession, or in any other manner than by complying with the act. By their act of incorporation, the defendants could only aquire *the use* of [352] the land over which their railroad passed. (*See Laws of* 1832, *p.* 429, 30, §§ 16 *to* 22.) As a consequence, the original owner had a right to the soil, and to the grass and herbage growing thereon, subject simply to the right of the defendants to use the land for the purposes of their railroad. (1 *Cowen*, 88, *note;* 3 *Kent*, 332 *to* 434.) The proof offered, therefore, would have shown that the plaintiff's oxen were not wrongfully on the defendants' land.

III. The proof offered that the defendants were guilty of negligence in killing the oxen, and that by the exercise of ordinary care on their part, the accident might have been avoided, was admissible. Every man is bound to use ordinary care and precaution in his lawful pursuits, to avoid doing an injury to his neighbor. What is ordinary care in a given case, depends on the circumstances. A man navigating a river or lake known to be frequented by other craft, would be bound to keep a lookout, in order to avoid doing others an injury, which he would not be bound to do while navigating unfrequented waters. A man travelling in a highway where persons are known to be continually passing and repassing, is bound to keep a lookout. (*Hartfield* v. *Roper*, 21 *Wend.* 615, *and cases there cited;*) which he would not be bound to do while travelling in a solitary way.

It is not true as has been sometimes asserted, that a man is not bound to use any care in his lawful pursuits upon his own land, to avoid an injury to another who is himself a wrongdoer. Such a doctrine would excuse a man hunting upon his own grounds in shooting at random, when he knew that his neigh-

bors' cattle or children were in the constant habit of passing over them : Or, a man driving a loaded cart in his own field, in running heedlessly over his neighbor's pigs or other domestic animals, which had strayed upon his premises, left open by himself for the time being, for convenient ingress and egress. Although there are dicta which, disconnected with the circumstances of the cases in which they are found, seemingly sanction such a doctrine, yet it is believed that no adjudged case can be found which decides that a man is not bound to exercise [353] ordinary care, to avoid doing an injury, even to a wrongdoer.

IV. There are several classes of cases which must be distinguished and considered before we can arrive at the true rule of law, applicable to cases where both the injured party and the party inflicting the injury are in the wrong.

In cases where the defendant has taken proper care in doing what is lawful, he is not responsible to a wrongdoer who has sustained an injury from his act. The cases of *Sarck* v. *Blackburn*, (4 *Carr. & Payne*, 297 ;) *Blyth* v. *Topham*, (*Cro. Jac.* 158 ;) and of *Bush* v. *Brainard*, (1 *Cow.* 78,) proceeded upon this principle ; and although the court speak of the defendant having been guilty of " gross negligence" in the last mentioned case, it is manifest that he had not in truth been guilty of any want of ordinary care, for there was no proof that he had any reason to apprehend, either that his neighbor's cattle would drink his " maple syrup," or if they did, that they would be injuriously affected by it. In cases where two parties were so concerned in the act which was the immediate cause of the injury, or where there was negligence on both sides, so that it was impossible to say as between the two parties which was the wrongdoer—there the injured party can not recover. The cases of *Hill* v. *Warren*, (2 *Starkie*, 453 ;) *Sills* v. *Brown*, (9 *Carr. & Payne*, 601 ;) *Woolf* v. *Beard*, (8 *id.* 373 ;) and *Rathbun* v. *Payne*, (19 *Wend.* 399,) fall within one or the other of these principles. In a third class of cases, where although the defendant has been guilty of negligence in the act complained of, the plaintiff has not taken due care to avoid the injury, he can not recover. The cases of *Burckle* v. *The N. Y. Dry Dock Co.* (2 *Hall*, 151 ;) *Smith*

v. *Smith*, (2 *Pick.* 621 ;) *Lane* v. *Crombie*, (12 *id.* 177 ;) *Lack* v. *Seward*, (4 *Carr. & Payne*, 106 ;) 19 *Eng. C. L. Rep.* 298 ; *Washburn* v. *Tracy*, (2 *Chip. Vt. Rep.* 128 ;) and *Hartfield* v. *Roper*, (21 *Wend.* 615,) were decided upon this principle. The same principle is recognized in *Harlow* v. *Humiston*, (6 *Cow.* 189.) But, in cases where the defendant has been guilty of a want of ordinary care ; or, in other words, has been guilty of gross neg- [354] ligence—and the injury is attributable to the defendant's act, the plaintiff may recover, provided he has himself used ordinary care to avoid the injury. The cases of *Lynch* v. *Nurdin*, (1 *Adolph & Ellis, N. S.* 29 ;) *Marriott* v. *Stanley*, (1 *Mann. & Gran.* 568 ;) and *Walters* v. *Pfeil*, (1 *Moody & Malk.* 362,) were decided upon this principle ; as was also the case of *Bird* v. *Holbrook*, (4 *Bing.* 628 ; 15 *Eng. C. L. Rep.* 91.)

It was not questioned in the last mentioned case but that the defendant had a right to set the spring gun, which was the cause of the injury, in his enclosed garden ; or, but that the plaintiff was a trespasser in going there : and the case really turned upon the neglect of the defendant to give notice. See also the case of *Cook* v. *The Champlain Transportation Company*, (1 *Denio*, 99,) where Mr. Justice Beardsley concedes, that the rule that a plaintiff who is himself a wrongdoer, can not recover against a defendant for negligence, has its exceptions and qualifications.

This review of the cases shows that a plaintiff, though guilty of some degree of negligence, and even of voluntary trespass, is entitled to recover against a defendant who is guilty of a want of due care ; or, in other words, or gross negligence. This is a most reasonable rule, and one without which, in a world of mistake and error, society could scarcely exist. It is indeed a startling proposition that the proprietors of our railroads, with the knowledge that cattle in spite of all that the most prudent owners can do, do stray upon their roads—though grossly negligent in keeping up their lights or in keeping a good look-out—are not held responsible for any *undesigned* injury which they may do. Unless however this be the law, the

decision of this case in the court below was wrong, and should be reversed.

*J. B. Bennett,* for respondent.　I. The decision at the circuit, excluding the testimony offered by the plaintiff, that the pasture where the oxen were kept was well fenced and the oxen quiet and orderly, was correct.　At common law the plaintiff was bound at his peril to keep his cattle at home, and off from the lands of the defendants; and the absence of negligence on his part would not excuse the trespass. (*Per Beardsley, C. J.* 5 *Denio,* 267; *Wells* v. *Howell,* 19 *John.* 385; 1 *Conn. Rep.* 91, [355] *note; Clark* v. *Brown,* 18 *Wend.* 213; *Little* v. *Lathrop,* 5 *Greenl.* 356; *Stafford* v. *Ingersoll,* 3 *Hill,* 38.)　Our statutes (1 *R. S.* 353; *Sess. L. of* 1838, *ch.* 261) do not change the rights and duties of plaintiffs at common law, for many reasons; it is enough to say, that it does not appear from the proof that the parties were owners of adjoining lands, and the statutes therefore have no application.

II. The proof offered by the plaintiff of his ownership of the railroad track, where the cattle were killed, were properly excluded.　Each of the counts of the declaration, in a variety of forms, alledges the title and ownership of the railroad track to be in the defendants.　The plaintiff was not then at liberty to lay the foundation for a recovery, by showing that his declaration was false; nor were the defendants to be surprised on the trial by testimony, which, under the averments contained in the declaration, they could not anticipate, nor be prepared to meet.　But even the plaintiff's construction of the averments of the declaration would not aid him.　The railroad track, when appropriated, is not subject to the same rules as ordinary highways.　The company has the exclusive use of the land for the purposes of their incorporation.　The public has no interest in it, except as they pass in the company's cars.　The owner of the fee retains no right to the use or occupation of the ground for a pasture or otherwise, subject to the right of passage over it.　The company may cover the land not used by the track itself, with wood houses, or station houses—may perforate the

soil with wells, or may dig it up for cattle guards, or use it in any other way for the accommodation of the road. The object and scope of the appropriation is wholly inconsistent with the owner retaining any rights or interests in the use of the land during the period for which it is appropriated.

III. The proof offered by the plaintiff, that defendants were guilty of negligence in killing the oxen, was also properly excluded. The negligence alledged in the declaration, and which the offer refers to, was in running the engine and cars of the defendants upon their own road. The defendants were entitled [356] to the sole and exclusive use of their road—the plaintiff's cattle had no right there, nor had the defendants any reason to anticipate any trespass, to be on the lookout for it, or to provide against it, so far as the plaintiff was concerned. No duty or obligation on the part of the defendants towards the plaintiff was created, except that they should not willfully or designedly injure him, which is not pretended. (*See opinion of Beardsley, C. J. 5 Denio, 264 to 267, and cases there cited.*) The plaintiff being bound to keep his cattle off from the defendant's land, at his peril, and having either by negligence or misfortune, suffered them to trespass on the defendants' track, can sustain no action for the accidental loss : It is " *damnum absque injuria.*" The loss could not have happened but by the plaintiff's default. (*Rathbun* v. *Payne,* 19 *Wend.* 399 ; *Pluckwell* v. *Wilson,* 5 *Carr, & Payne,* 375 ; *Williams* v. *Holland,* 6 *id.* 23 ; *Hartfield* v. *Roper,* 21 *Wend.* 615 ; *Brown* v. *Maxwell,* 6 *Hill,* 592.)

The cases, cited by plaintiff's counsel, as establishing the position that a recovery may be had for the negligence of the defendant, although some degree of negligence be attributable to the plaintiff, do not apply to this case. *Lynch* v. *Nurdin,* (1 *Adol. & El. N. S.* 29,) was a case where the defendant was sued for negligence in leaving his horse and cart in the public highway, whereby an injury happened to the plaintiff. In *Marriot* v. *Stanley,* (1 *Man. & Gran.* 568,) the alledged negligence was in leaving iron instruments in the public street, upon which the plaintiff was thrown and injured. In these cases no question could arise as to the obligation on the part of defendant, to use

proper care and precaution. The rights of all others in the public streets were equal to his own. In *Bird* v. *Holbrook*, (4 *Bingham*, 628,) although the defendant set a spring gun on his own ground, and the plaintiff was a trespasser, yet the court put the decision on the ground, that the want of public notice of the use of such a dangerous weapon, and the attempt to conceal it, were evidence not of *negligence*, but of an express purpose to do an injury.

HURLBUT, J. It was competent for the Tonawanda [357] Railroad Company, by voluntary cession or by appropriation, to acquire the title to lands which they were authorized to use for the purpose of constructing a railway and maintaining the same during the existence of their charter. (*Laws of* 1832, *p.* 427.) The declaration assumes that the company owned and were possessed of the land occupied by their railway, and the chief ground of complaint is, that the plaintiff's cattle having strayed thereon were destroyed by the carelessness and negligence of the company in propelling their engine and cars. It is immaterial whether or not the company were entitled to the site of their railway in fee simple. They had a clear right to the exclusive use of the land, while it was necessary for the enjoyment of their chartered privileges ; and at any rate the plaintiff was not in a condition to show that he owned the land where the oxen were killed, because every count in his declaration was framed upon the express assumption of the contrary, so that the defendants stood in court as the conceded proprietors of the site of their railway. The plaintiff was not at liberty to shift his ground, and to question on the trial what he had admitted in his pleadings.

Assuming then that the plaintiff's oxen were on the land of the defendants without right, it was entirely immaterial that the pasture in which they had been kept was well fenced, or that they were quiet and orderly. This evidence, if it were designed to controvert the fact that the oxen went astray upon the lands of the company, was clearly improper under a declaration which conceded that fact ; and if it were offered with a view to show

o

that it was through the misfortune rather than the fault of the plaintiff, that the cattle went astray, it could not avail him, since it would neither justify nor excuse their being on the defendants' land.

The main question in this case is presented by the plaintiff's offer to prove that the defendants were guilty of negligence, and that by the exercise of ordinary care on their part, the accident might have been avoided. Taking this as proved, the case stands thus: The defendants, in the rightful use of their [358] railway, while propelling an engine with cars attached, and running at a low rate of speed, struck and killed the plaintiff's oxen, which had strayed on the track of the railway and were trespassing at the time. This result might have been avoided by the exercise of ordinary care on the part of the defendants, whose negligence contributed to produce the injury complained of; and the question is whether, under such circumstances, the plaintiff can maintain his action. It is obvious that the plaintiff would have received no injury, if the oxen had not been on the track of the railway; and having been there without right, the law imputes a fault to the plaintiff. On the other hand, although the plaintiff was in fault, the injury would not have happened but for negligence and the want of ordinary care on the part of the defendants; and assuming this to have been a fault on their part, the injury then would appear to have resulted from the common fault of both parties. But if we were permitted to inquire as to the degree of blame which attached to each, we should be obliged to pronounce that the principal fault must be attributed to the plaintiff, and without the previous existence of which, the defendants could not have been required, in the proper use of their railway, to abate their speed, or take any precaution whatever for the protection of the plaintiff's property. The case is stronger for the defendants than if it had arisen on a highway between persons in the enjoyment of the common right of travel, and where the injury resulted from the negligence of both parties. The plaintiff in such a case would start by showing himself in the exercise of a lawful right—and yet if it appeared that his own negligence or unskilfulness in

any way conduced to bring about the injury complained of, he could not recover, whatever might have been the negligence of the defendant. The law will not in such a case attempt nicely to adjust the degree of blame to be assigned to the respective parties; and will not recognize any act as an injury to either, which they mutually contributed to produce. And so far has this doctrine been carried, that a person injured by an obstruction placed unlawfully in a highway, has been denied a right of action for damages where it appeared that he had failed to use ordinary care, by which the injury might have been [359] avoided. The plaintiff, before he can stand in court as an accuser, must himself be free from fault. He can not support his action by basing it partly on his own wrong, and partly on the wrong of his adversary. He is answered, when it appears that he has been wanting in duty, or has contributed to his own injury. He has then volunteered to suffer, and the law sees no wrong in the case. So that, whenever it appears that the plaintiff's negligence or wrongful act had a material effect in producing the injury, or substantially contributed toward it, he is not entitled to recover. To this rule there seems to be no exception, which can be made applicable to the case under consideration. Lord Denman, in *Lynch* v. *Nurdin*, (1 *Ad. & Ellis*, 29,) allowed an exception in favor of the plaintiff, a child seven years old, who received an injury by getting into the defendant's cart while it was carelessly left in the street. This decision has not however been followed in this state; but the negligence and imprudence of the parents or guardians in allowing a child of tender years to be exposed to injury in the highway, has been held to furnish the same answer to an action by the child, as the negligence or other fault of an adult plaintiff would have done in a similar case. (*Hartfield* v. *Roper*, 21 *Wend.* 615; *Brown* v. *Maxwell*, 6 *Hill*, 592.)

It is not deemed necessary, after the very able and satisfactory review of the authorities bearing on this subject, which was made in this case by Ch. J. Beardsley, as reported in 5 *Denio*, 255, to dwell at length upon the cases to which we have been referred upon the present argument. Suffice it to say, that ap-

plying the principle of these cases to the facts before us, we are led to the conclusion, that as the defendants were in the lawful exercise and enjoyment of their rights, and would have done no injury to the plaintiff, if his oxen had not strayed on the track of the railway ; and as they were there without right, in respect to them the law did not enjoin it as a duty on the defendants to take care not to injure them. The want therefore of such care was not in judgment of law a fault to be attributed to the defendants ; but if it could be so considered, the plaintiff having [360] also been in fault, by which he contributed to produce the injury, is not entitled to recover. (*Pluckwell* v. *Wilson*, 4 *Car. & P.* 375 ; *Williams* v. *Holland*, 6 *id.* 23 ; *Woolf* v. *Beard*, 8 *id.* 373 ; *Sills* v. *Brown*, 9 *id.* 601 ; *Hill* v. *Warren*, 2 *Stark.* 332 ; *Smith* v. *Smith*, 2 *Pick.* 621 ; *Lane* v. *Cromlin*, 12 *id.* 177 ; *Sarck* v. *Blackburn*, 4 *Carr. & Payne*, 297 ; *Blyth* v. *Topham*, *Cro. Jac.* 158 ; *Burckle* v. *N. Y. Dry Dock Co.* 2 *Hall*, 151 ; *Ruthbun* v. *Payne*, 19 *Wend.* 399 ; *Bush* v. *Brainard*, 1 *Cowen*, 88.) The judgment of the supreme court must be affirmed.

Judgment affirmed.