## McCool v. The Galena and Chicago Union Railroad Company.

1. **New Trial:** EVIDENCE IN THE RECORD. The Supreme Court will not revise the judgment of the court below on the ground that the verdict was against the weight of evidence, when it does not appear that all the evidence submitted is embraced in the record.

2. **Railroad:** KILLING OF STOCK: QUERE. Is a railroad company liable, under § 6, chapter 169 of the Laws of 1862, for killing a bull unlawfully running at large, even in case of gross negligence?

*Appeal from Marshall District Court.*

THURSDAY, DECEMBER 8.

THIS action was brought to recover the value of a bull and cow, alleged to have been killed by the defendant, on

the track of the Cedar Rapids and Missouri River Railroad. Verdict for plaintiff, and defendant moved in arrest and for a new trial on the grounds following: *First.* No evidence was adduced to prove that said defendant is, or was, a corporation. *Second.* No evidence showing negligence on the part of defendant. *Third.* Plaintiff is not entitled to damages for the alleged injury to the bull.

This motion was overruled, and of this action alone does defendant now complain.

*M. H. Tyrrell* for the appellant.

*J. H. Bradley* for the appellee.

WRIGHT, Ch. J. — Much of appellant's argument, is devoted to the first and second causes assigned as grounds for
1. NEW TRIAL: evidence in the record.
a new trial, it being insisted that defendant's corporate character was not established, or if established, no negligence was shown. To this appellee responds, and with entire correctness, that the bill of exception does not purport to set out all the evidence, and that there is, therefore, nothing in this part of the case which we can review. It is recited, it is true, that certain facts were established, but whether these were all, or how many others important and material were shown, nowhere appears from the record. In this attitude of the case, of course there is nothing to rebut the presumption that the evidence did prove the existence of the corporation, and even the grossest negligence. As to one, and the main question discussed by counsel, however, we refer to *Jones* v. *Galena and Chicago Union Railroad Company,* 16 Iowa, 6.

The third point made in the motion, has but little if any more to sustain it in the record. Appellant's position is
2. RAILROAD: killing of stock: quere.
this: Defendant is only liable for injuring or killing live stock *lawfully* running at large. By § 1522 of the Rev., *bulls* are expressly prohibited from running at large, and defendant would not therefore

be liable for injuring or killing such an animal, unless the loss was the result of *gross* negligence. But the existence of gross negligence is in no manner rebutted in this record. For aught that appears, the killing was occasioned by the grossest negligence. And as it is admitted that the defendant would be liable for *gross* negligence (and we accept the admission, without inquiring into, or expressing an opinion upon the correctness of the rule), and as we are required to indulge in any fair and allowable presumption which will sustain the rulings below, we feel constrained, without elaborating the points made in appellant's brief, to affirm the judgment. As bearing, however, upon this question, see the following authorities: *Sarch* v. *Blackburn*, 4 Carr. & P., 297; *Sills* v. *Brown*, 9 Id., 601; *Bush* v. *Brainard*, 1 Cord., 78; *Rathburn & West* v. *Payne*, 19 Wend., 399; *Buckle* v. *New York Dry Dock Company*, 2 Hall, 151; *Smith* v. *Smith*, 2 Pick., 621; *Lynch* v. *Nurdin*, 1 A. & E. (N. S.), 29; *Marriott* v. *Stanley*, 1 M. & G., 568; *Brown* v. *Maxwell*, 6 Hill, 592; *Hartfield* v. *Roper and Newell*, 21 Wend., 615; *Pluckwell* v. *Wilson*, 5 C. & P., 375; *Munger* v. *Tonawanda Railroad Company*, 4 Com., 349; *Syke and Dumond* v. *Van Leuven*, 4 Denio, 127; *The Tonawanda Railroad Company* v. *Munger*, 5 Id., 255.

Affirmed.