Cole, Ch. J.
questions oñ appeal. I. The plaintiff, in his petition, averred his ownership of the colt, worth $150; that the same was killed by being run over by defendant’s train of cars, two miles west of Jefferson, August qg^ 1868. qkat jq was ki]qe(q q,y reason of the insufficient fence along defendant’s road, and by the carelessness of its employees; that, on the 21st of September, 1868, he served upon defendant’s ticket agent, at Jefferson, a written notice, accompanied with an affidavit of the destruction of said property (attaching the same as an exhibit); and that defendant had failed and refused to pay. The defendant’s answer was simply in denial. Upon the trial, the plaintiff testified as a witness in his own behalf, in part, as follows: “ I had property destróyed by defendant ; a colt, near one year and a half old, about fourteen hands high; a dark bay horse-colt, which I intended to keep as a stallion; it was killed by defendant * * * and was worth $150,” etc. This is the only reference to the kind of colt killed which is to be found in the pleadings, evidence, instructions, or elsewhere in the transcript. The appellant’s counsel makes the point in this court, that since plaintiff’s action is for the value of a stallion, which could not legally be running at large (Rev. § 1522, and acts of 1864, p. 72), he cannot recover; referring to McCool v. The G. & C. U. R. R. Co., 17 Iowa, 461. "Without deciding in any way whether plaintiff could or could not recover for killing a stallion, we dispose of the question, for this appeal, by saying that *330 there is nothing in the transcript showing that the question was in any manner made to, or passed upon by, the court trying the cause, and hence it cannot properly be made here.
3 railroad-stock^ double damages. II. The plaintiff introduced a witness by whom he proved the service of the notice and affidavit of loss, by rea<iing the same to the ticket agent at Jefferson’ an(^ h™1 a copy. Thereupon plaintiff offered the notice and affidavit in evidence, to which the defendant objected, on the ground that the affidavit should have been left with the person upon whom the notice was served. The objection was overruled and the evidence admitted, and this is now assigned as error. There can be no valid objection to the service of the notice by reading the same and delivering a copy, as was done in this case. But the legislature has made the liability of the defendant for “ double the value of the property killed,” to depend upon its refusal to pay after thirty days’ notice, in writing, of the loss, “ accompanied- Try an affidavit of the vwjw'y or destruction of the property.” The notice is to be served upon the defendant; that is, the defendant is to have the notice in writing, and this notice is to be accompanied by an affidavit — not a copy of an affidavit, but the affidavit itself. They are entitled to the original, and to all the benefits which may accrue from it, together with the assurance and certain knowledge that such an affidavit has been made, and that they are not imposed upon by an alleged copy, in no way authenticated, of an assumed affidavit, though in fact never made. It is sufficient to say that the statute is in the nature of a penal one, and the legislature having made the defendant’s liability to depend upon a particular fact, it is not competent for the courts to substitute another fact, although it were fully equivalent in benefit to the fact prescribed by the legislature. The plaintiff would be entitled to recover double the value of the colt killed only upon defendant’s failing to pay the *331 value thirty days after plaintiff, giving “notice in writing accompanied, by an affidavit of the destruction of the property;” this he did not do, nor did the evidence offered tend to prove that he did, and it should have been excluded. The case of Mendell v. The C. & N. W. R. Co., 20 Iowa, 9, holds that the affidavit accompanying the notice may be embodied in the same paper with it, and is in accord with the foregoing.
Reversed.