KEYSER v. THE K. C., ST. J. &. C. B. R. Co.

1. **Railroads: KILLING OF STOCK; EVIDENCE.** Proof that a notice and affidavit of the killing of stock served on a railroad company were similar to others introduced in evidence is insufficient.

2. ——: ——: ——. Evidence and instructions in an action to recover double damages for stock killed on a railroad considered.

*Appeal from Pottawattamie Circuit Court.*

SATURDAY, JUNE 18.

THIS is an action to recover double the value of a horse, the property of plaintiff, which it is alleged was killed by one of defendant's engines at a place on the road of defendant where it had neglected to fence its track. There was a trial by jury and a verdict and judgment for double the value of the property. Defendant appeals.

*Sapp, Lyman & Ament,* for appellant.

*R. E. Montgomery* and *Wm. McLennan,* for appellee.

ROTHROCK, J.—I. It is urged by counsel for the defendant that the proof of service of the notice and affidavit required by Sec. 1289 of the Code was insufficient to authorize a verdict for double damages. The following is all the evidence which was introduced on that point in the case. The plaintiff, while being examined as a witness, testified as follows:

1. RAILROADS: killing of stock: evidence.

" I have seen the paper presented to me.

"Ques. You may state what you did with a paper similar to that, if anything? Ans. I read it and gave it to S. F. French, agent of the railroad company at Percival, Fremont county, Iowa.

"Ques. State the time that you read it? Ans. It was on the 14th day of March, 1877. Plaintiff offered in evidence

the notice and affidavit identified by the witness. The paper is in these words:

" To the Kansas City, St. Joseph & Council Bluffs Railroad Company:

" You are hereby notified that the locomotive and cars of your railroad, in the latter part of the month of January, A. D. 1877, in Benton township, Fremont county, Iowa, did strike and kill a mare, being my property, of the value of $150, and that unless you pay me the value of said mare, being $150, within thirty days from this date, I will claim of you double the value of said mare, as provided by the Statutes of the State of Iowa.

" Percival, Iowa, March 14, 1877.

" CHRISTOPHER KEYSER."

Sworn to before a justice of the peace.

Objections were made to all of the above evidence as immaterial and incompetent, and the objections were overruled.

Conceding that the service of the notice and affidavit may be shown by the oral evidence of a witness upon the trial, a point which we need not determine, yet we think that the evidence of service of the requisite notice and affidavit was insufficient. In *McNaught v. The C. & N. W. R. R. Co.*, 30 Iowa, 336, it was held that service of a copy of the affidavit was insufficient—that the affidavit itself must be delivered to the agent. Now, whether the witness delivered the original to the agent, or a copy, it is impossible to determine from the evidence. He states that he read to the agent and gave to him a paper similar to that introduced in evidence. They may have been similar papers and the one a copy of the other, but which was the copy it is impossible to determine. As it is stated that the paper introduced in evidence is the notice and affidavit, this may have been the original. Or it may have been that there were two original papers, but this does not appear. The papers may have been similar and yet not in all respects alike, nor the one an exact copy of the other.

II.   The defendant introduced as a witness one Hago, who was the fireman of the engine by which the horse was killed. In his examination in chief he testified that the horse was standing in a highway crossing when it was struck.   On cross-examination he was asked what speed he was running at the time he saw the animal.   The question was objected to as not cross-examination and as immaterial.   The objection was overruled, and we think properly.   It was the plaintiff's right on cross-examination to test the accuracy of the observation of the witness as to the location of the accident by showing the speed which the train was making as affecting his ability to determine the exact location of the animal.

III.   The court instructed the jury that "the defendant had no right to fence its track where the same crosses the public highway, but it had a right to fence its track at all other points."   It is urged that this instruction is erroneous because the defendant has not the right to fence depot and station grounds.   It may be conceded that the instruction as an abstract proposition is not correct, and yet as applicable to the facts of this case it was not prejudicial to the defendant.   The plaintiff contends that the animal was struck in a corn-field and the defendant sought to prove that the accident occured on the crossing of a public highway.   It was not claimed that there was any depot or station grounds near where the accident happened.

IV.   It is claimed that the verdict is so manifestly against the evidence that it should have been set aside.   We have carefully examined the testimony of the witnesses and our conclusion is that the judgment should not be reversed on this ground.   There are circumstances testified to by witnesses, such as finding evidences of the accident inside the field, which may have been sufficient to justify the jury in fairly finding as they did, notwithstanding the positive evidence of the engineer and fireman that the horse was standing in, and was struck in, the highway.

Traer Brothers v. Whitman.

We find no error in the ruling of the court except upon the admission of the proof of the service of the affidavit of the loss. If the plaintiff is content he may have judgment for the amount of one half of the judgment below upon paying the costs of this appeal. Otherwise the judgment will be reversed and a new trial ordered. See *Campbell v. C. R. I. & P. R. R. Co.*, 35 Iowa, 334.

REVERSED.