Sidney B. Roby, Respondent, *v.* The New York Central and Hudson River Railroad Company, Appellant.

The interest which a railroad company acquires in land condemned for the use of its road is a permanent easement, and while it exists the company is entitled to the exclusive use, possession and control of the land.

While the easement may be abandoned, and the owner of the fee again become entitled to the possession, this must be done by unequivocal acts showing clearly such to be the intent, or by a non-user continued for a long time.

The mere use of the easement for a purpose not authorized, its excessive use or misuse, or a temporary abandonment thereof, are not of themselves sufficient to constitute an abandonment.

A railroad company to whose rights defendant has succeeded acquired by condemnation proceedings the use of a strip of land, and tracks were laid thereon.   In an action by plaintiff, who has succeeded to the rights of the original owner, to recover possession, these facts appeared: In 1889 defendant leased the land to Y. for a term of fifteen years.   The lease provided that the land was only to be used for a coal yard and

trestle for receiving and handling coal transported over defendant's road. A right was reserved to terminate the lease at any time upon giving six months' notice, and defendant reserved "the use and control of the said track and trestle for all the purposes of a railroad, together with the strip of land." · Y. went into possession, built the trestle with coal bins, beneath, and since then has had the exclusive use and control of the land for his coal business, and no one else except defendant's agents and employees, and persons having business with Y. could have access thereto. The only use defendant thereafter made of the land and track was to deliver coal to Y. *Held,* the evidence failed to show an abandonment and consequent loss of defendant's easement; and so, that a verdict and judgment in favor of plaintiffs were error.

Also, *held,* that a modification of the judgment, so as to make it subject to the proper easement of defendant, instead of a reversal, was not proper, as Y. was not a party and had not been heard.

*Roby* v. *N. Y. C. & H. R. R. R. Co.* (65 Hun, 532), reversed.

(Argued March 22, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of October, 1892, which denied a motion for a new trial and ordered judgment in favor of plaintiff upon a verdict directed on trial at Circuit.

This was an action of ejectment.

Prior to July 13, 1835, the Tonawanda Railroad Company acquired by condemnation proceedings for the use and accommodation of its railroad the land, being twenty-five feet in width, now in question. The defendant has succeeded to the rights of that railroad company, and the plaintiff has succeeded to the rights of the original owner of the land, subject to whatever rights therein belong to the defendant. The plaintiff brought this action to recover possession of the land, alleging in his complaint, among other things, that "the said New York Central and Hudson River Railroad Company had abandoned the use of the tracks laid across plaintiff's premises and had ceased to use said tracks for railroad purposes; that the use of said tracks is not necessary for the purposes of said railroad, and that they are of no public use whatever, and for some time past the tracks of said railroad company have been used only and exclusively for private pur-

poses; that the said tracks are an obstruction upon plaintiff's premises and the defendant continues to remain unlawfully in possession of said premises." The defendant in its answer to the complaint simply put in issue the allegations thereof quoted. Upon the trial of the action at the close of the evidence the trial judge decided that the plaintiff had title in fee to the land described in the complaint, and that he was entitled to the possession thereof, and he directed a verdict in his favor. The judgment upon that verdict having been affirmed the defendant has appealed to this court.

*Albert H. Harris* for appellant. Even if the defendant had leased this track to Mr. Yates there would have been no abandonment. (*Miner* v. *N. Y. C. & H. R. R. R. Co.*, 123 N. Y. 242; *Hooper* v. *Burne*, L. R. [2 Q. B. Div.] 339; *Mulliner* v. *M. R. Co.*, L. R. [11 Ch. Div.] 611; Lewis on Em. Dom. §§ 588, 597; *C. C. R. R. Co.* v. *McCaskill*, 94 N. C. 746; *Curran* v. *Louisville*, 83 Ky. 628; *Dyer* v. *Sanford*, 50 Mass. 395; *Heard* v. *City of Brooklyn*, 60 N. Y. 242; *Strong* v. *City of Brooklyn*, 68 id. 1; *Columbus* v. *R. R. Co.*, 37 Ind. 294; *Hamilton* v. *R. R. Co.*, 1 Md. Ch. 553.) The plaintiff has no right to the possession of any part of the property. (*Munger* v. *T. R. R. Co.*, 4 N. Y. 357; *R. R. Co.* v. *Gieve*, 17 Minn. 322; *Jackson* v. *R. R. Co.*, 25 Vt. 150; *R. R. Co.* v. *Holton*, 32 id. 43; *R. R. Co.* v. *Potter*, 42 id. 265; *Brainard* v. *Clapp*, 10 Cush. 6.) If the plaintiff is entitled to recover, he is only entitled to judgment for the possession of the land subject to the easement of the defendant for railroad purposes. (*Locks* v. *N. & L. R. R. Co.*, 104 Mass. 1.)

*William F. Cogswell* for respondent. Where only an easement is taken for the public use, if that use is abandoned the land reverts to the original proprietor, or rather the land is relieved of the burden cast upon it, and the owner is restored to his complete dominion of property. (*Mahon* v. *N. Y. C. R. R. Co.*, 24 N. Y. 658, 660.) When a railroad company acquired under the statute merely the right of using for the

public purpose of a railroad, segregated from its line a portion of its track by leasing it to private individuals for private purposes, housed it within a structure that excluded everybody else therefrom, put the same under lock and key and gave it to an individual, and gave that individual exclusive control over it, so much of the track thus used was no longer used for a public purpose. (*Proprietors of Locks & Canals* v. *N. & L. R. R. Co.*, 104 Mass. 11 ; *Mahon* v. *N. Y. C. R. R. Co.*, 24 N. Y. 658 ; 1 Wood on Railways, 716, 717.)

EARL, J. The strip of land in question was near the easterly terminus of the Tonawanda railroad, and since its acquisition for railroad purposes a track has been maintained thereon which has connection with the main track of the defendant's railroad. In April, 1889, the defendant and Arthur G. Yates of the city of Rochester, entered into an agreement whereby the defendant made a lease to Yates covering the land in question and other lands in the same vicinity for a term of fifteen years from the first day of May, 1889, at an annual rental payable quarterly. It was provided in the agreement that the land covered by the lease was to be used only for a coal yard and trestles for the purpose of receiving and handling coal transported over the railroad of the defendant. It reserved the right to terminate the lease at any time upon giving six months written notice ; and Yates covenanted not to assign the lease or underlet the premises or any portion thereof. It agreed to furnish the ties and iron rails necessary for the use of the trestle and lay the tracks and keep them in repair, and he agreed to make all repairs in and about the trestle at his own expense, and to furnish the materials to construct the same, and at all times during the continuance of the lease to keep the same in good repair and condition for use. It reserved from the lease " the use and control of the said track and trestle for all the purposes of a railroad, together with the strip of land twenty-five (25) feet in width adjoining the Erie canal, acquired for the purposes of said railroad."

It appears that under this agreement Yates went into possession of the land, built the trestle thereon by raising the tracks, built a shed over the tracks inclosing the tracks and trestle, and made coal bins or pockets beneath the same; that he had the sole and exclusive use of the land and trestle for his coal business; that no one else except the defendant and its agents and employees and persons having business with Yates could have any access to the track and the land, and that the only use the defendant made of the land and the track thereon was for the delivery of coal to Yates. Substantially upon this evidence the court below held that the defendant had abandoned the use of this strip of land for the purposes of its railroad; that the land had, therefore, reverted to the plaintiff, and that he was entitled to recover the same in this action.

The interest of the defendant in this strip of land was a permanent easement for the uses and purposes of its railroad. (*Heard* v. *City of Brooklyn*, 60 N. Y. 242; *Miner* v. *N. Y. C. & H. R. R. R. Co.*, 123 id. 242; *Weston* v. *Foster*, 7 Met. 297; *Proprietors of Locks, etc.*, v. *N. & L. Railroad Co.*, 104 Mass. 1.) While this easement exists the defendant is entitled to the exclusive use, possession and control of the land, and the owner of the fee has no right to use, occupy or interfere with the same in any manner whatever. Under the general laws of the state railroad corporations are bound to keep their tracks guarded and protected by fences and cattle guards, and there is no right of crossing by the owners of adjoining property except at farm crossings, to be built for the use of adjoining farm owners. While it has been held in some cases that the owner of the fee, subject to the railroad easement, has some right to use the land taken, not inconsistent with the easement, the better view of the law, supported by the greater weight of authority, is that the use of the railroad company while the easement exists is exclusive of the owner of the fee. (Pierce on Railroads, 159, 160, and cases cited; Mills on Eminent Domain, § 208; *Hazen* v. *B. & M. Railroad Company*, 2 Gray, 574; *Munger* v. *Tonawanda R. R. Co.*, 4 N. Y. 349.)

We think the evidence does not show that the defendant had

abandoned this strip of land, or its easement therein, so that the owner of the fee became entitled to the possession thereof.

An easement may be abandoned by unequivocal acts showing a clear intention to abandon, or by mere non-user, if continued for a long time. The mere use of the easement for a purpose not authorized, the excessive use or misuse, or the temporary abandonment thereof, are not of themselves sufficient to constitute an abandonment. (Washburn on Easements, 2d ed. 631, *et seq.* and cases cited; *Hoggatt* v. *Railroad Company*, 34 La. An. 624; *Curran* v. *City of Louisville*, 83 Ken. 628; *Proprietors of Locks, etc.,* v. *N. & L. R. R. Co.*, 104 Mass. 1; *White's Bank of Buffalo* v. *Nichols*, 64 N. Y. 65; *Crain* v. *Fox*, 16 Barb. 184; *Snell* v. *Levitt*, 110 N. Y. 595.) Under these authorities the acts claimed to constitute the abandonment of an easement must show the destruction thereof, or that its legitimate use has been rendered impossible by some act of the owner thereof, or some other unequivocal act showing an intention to permanently abandon and give up the easement. Here there were absolutely no acts of the kind mentioned. The defendant could put an end to the lease to Yates at any time by giving the six months notice. It continued to use the track passing over the land in question for railroad purposes, to wit, the transportation of coal to Yates, and it actually reserved the use and control of the track and land for all railroad purposes. I can assert with great confidence, after a diligent examination of the books, that no authority can be found holding that upon such facts an easement has been absolutely lost to the owner thereof.

The court below, therefore, erred in ordering judgment for the plaintiff, absolutely taking this land from the defendant.

But the learned counsel for the plaintiff asks that instead of reversing the judgment we modify it so as to give judgment to the plaintiff, subject to the proper easement of the defendant. This we ought not to do. The action was commenced, tried and decided solely on the ground that the defendant had forfeited its rights in the land in question. Yates is not a

party to the action, and he has not been heard. We ought not to pass upon his rights under his lease without hearing him. Upon the plaintiff's theory of his rights, Yates is a necessary party to this action, and before the new trial he should be made a party. (Code, §§ 1502, 1503.) The case of *Proprietors of Locks, etc.*, v. *N, & L. R. R. Co. (supra)* is not an authority for the modification asked, although such a judgment as the plaintiff now wants by the modification was there given. There, the lessees, as I infer, were actually represented in the litigation. The facts were all agreed upon without reference to the pleadings or the parties. There it was stipulated that if "the demandants have any cause of action against the railroad corporation or their lessees, or either of them, such judgment is to be rendered in this action against the tenants as the demandants would be entitled to recover upon the facts, in any form of action against the tenants or either of their lessees."

·Besides, we are not now, upon the evidence appearing in this record, prepared to pass upon the rights of Yates under his lease and the power of the defendant to use this land substantially as it now uses it. The matter is not free from doubt, and we leave it to be determined upon fuller argument and a more careful presentation of the facts when the proper parties are in court, simply calling attention to the following authorities, in addition to those above cited; Morawetz on Corporations, § 190 ; *People ex rel. Fairchild* v. *Preston* (140 N. Y. 549); *W. U. Tel. Co.* v. *Rich* (19 Kansas, 517); *Illinois Cent. R. R. Co.* v. *Wathen* (17 Ill. App. 582); *Grand Trunk R. R. Co.* v. *Richardson* (91 U. S. 454); *Carolina Cent. R. R. Co.* v. *McCaskill* (94 N. C. 746); *Peirce* v. *B. & L. R. R. Co.* (141 Mass. 481); *Hooper* v. *Bourne* (2 Q. B. Div. 339); *Mulliner* v. *Midland R. Co.* (11 Ch. Div. 611); *Reformed Church* v. *Schoolcraft* (65 N. Y. 134); *In re N. Y. C., etc., R. R. Co.* v. *M. G. L. Co.* (63 id. 326); *Strong* v. *City of Brooklyn* (68 id. 1); *In re N. Y. C., etc., R. R. Co.* (77 id. 248); *In re the Application of the Staten Island Rapid Transit Company to Acquire Lands* (103 id. 251).

Our conclusion, therefore, is that the judgment should be reversed and a new trial granted, costs to abide event.

All concur, except FINCH, J., not sitting.

Judgment reversed.