WILLIAM H. MAGILTON, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Liability of a railroad corporation for the killing of a horse trespassing on its tracks — failure of the engineer to lessen the speed of the train, on seeing the horse.*

Upon the trial of an action brought to recover damages sustained by the plaintiff by reason of the killing of his horse, which strayed upon the defendant's railroad tracks, through the alleged negligence of the defendant, the trial judge held that there was not enough evidence, showing negligence on the part of the defendant in neglecting to provide and maintain proper means of fastening, or means to secure the gate at the plaintiff's farm crossing over the defendant's railroad tracks, to submit to the jury, but the judge did submit to the jury the question whether the defendant's servants were negligent in managing the train by which the plaintiff's horse was killed.

*Held,* upon an appeal by the defendant from a judgment in favor of the plaintiff, that the only question to be considered was whether the evidence established such negligence or misconduct on the part of the defendant's servants in managing the train which ran over the plaintiff's horse, as would render the defendant liable for its value;

That in considering such question it must be deemed under the decision of the trial court that the horse, to recover the value of which the action was brought, was trespassing upon the defendant's land at the time it was killed;

That under such circumstances the defendant was not liable for the injury to the horse, unless the evidence established the fact that the animal was killed by a reckless or willful act on the part of the defendant's servants.

Where a horse is trespassing upon the tracks of a railroad the engineer of an approaching train, seeing the horse thereon, is not bound to lessen the speed of the train, and his failure to do so cannot be deemed a reckless, wanton or malicious act.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the

county of Greene on the 5th day of March, 1894, upon the verdict of a jury, rendered after a trial at the Greene Circuit, and also from an order entered in said clerk's office on the 28th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Ashbel Green* and *F. L. Westbrook*, for the appellant.

*J. A. Griswoia*, for the respondent.

PUTNAM, J. :

Plaintiff recovered a judgment for the sum of $206, the value of a horse which strayed upon defendant's tracks and was killed by defendant's cars.

The complaint alleged negligence on the part of the defendant. *First*, in not providing and maintaining proper means of fastening the gate at plaintiff's farm crossing, whereby the gate became open and the plaintiff's horse strayed on the railroad tracks and the animal in question was killed by a train of cars running on defendant's road ; *second*, in the reckless and careless manner in which defendant's servants ran said train at the time the horse was killed.

The trial judge held that there was not enough evidence to show negligence on the part of the defendant in neglecting to provide and maintain fastenings or means to secure the gate in question to submit to the jury, but did submit the question as to the negligence of defendant's servants in managing the train by which plaintiff's horse was killed.

Hence, the only question to be considered is, did the evidence establish such negligence or misconduct on the part of defendant's engineer in charge of the engine that ran over plaintiff's horse as to render defendant liable for its value ?

As under the ruling of the court below the evidence did not show any negligence on the part of the defendant in maintaining the fastenings of the gate at the place where the horse came on the track, and as it was not shown that the said gate became open on account of any fault on the part of the defendant or its servants, the horse, to recover the value of which the action was brought, must be deemed as trespassing upon defendant's land at the time he was killed. (*Munger* v. *Tonawanda R. R. Co.*, 4 Comst. 349 ;

*Tonawanda R. R. Co.* v. *Munger,* 5 Den. 255 ; *Boyle* v. *The N. Y., L. E. & W. R. R.,* 39 Hun, 171–173 ; 115 N. Y. 636.)

Hence, under the above authorities the defendant was not liable for the injury to the horse unless the evidence established the fact that the animal was killed by a reckless or willful act of defendant's servants.   A careful examination of the evidence shows that it fails to establish such a state of facts as to render the defendant liable under doctrines established by the above authorities.

At the place where the accident occurred there was a down grade. There was evidence showing that the train was moving rapidly, but not that it moved more rapidly than such trains usually do at that place.   It appears that the engineer repeatedly blew the alarm whistle after he saw the horses on the track, and, although he saw the animals for some distance before the horse was struck, it was shown that at the time of the accident one of defendant's employees was endeavoring to drive them from the track, and all the animals did leave the track but the one killed.

While possibly the evidence established some negligence on the part of defendant's engineer in failing to " slow up " the train, it does not show any reckless or willful act on his part which caused the death of the horse.

The facts in the case of *Boyle* v. *N. Y., L. E. & W. R. R. Co.* (*supra*) are very similar to those in this case.   There, as here, the horses came on the railroad track through a fence the defendant was bound to maintain, in consequence of the removal of a panel in the fence by some person not in the employment of the defendant. The horses ran on the track in front of the engine which caused the injury for half a mile before they were killed, the speed of the train not being diminished.   It was held by the General Term of the fifth district that the defendant was not bound to reduce the speed of the train.   The horses were trespassing on the land of the railroad company, and it could only be made liable by showing that the engineer acted wantonly and maliciously.   That under the facts shown the trial court should have refused to submit that question to the jury.   The Court of Appeals, in affirming the judgment in the case, said : " There was no evidence that plaintiff's horses were killed by the reckless, wanton or malicious conduct of defendant's engineer, and hence there was no basis for recovery."

Under the doctrine established in *Boyle* v. *N. Y., L. E. & W. R. R. Co.* (*supra*) it is impossible to sustain the judgment in this case. Under that decision we must hold that plaintiff's horses, at the time of the accident, were trespassing upon defendant's land and the latter was not bound to lessen the speed of its train. It follows that its failure to do so cannot be deemed a reckless, wanton or willful act. There being in the case no other evidence of negligence on the part of defendant except its failure to slow up its train, it follows that the case should not have been submitted to the jury, but that the trial court should have nonsuited the plaintiff or directed a verdict in favor of the defendant.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial granted, costs to abide the event.