Memorandum by the Court :
Plaintiff brings this action to compel defendants to remove a garage building which he claims encroaches upon an eight-foot right of way appurtenant to his lands. Defendants contend that said right of way has been extinguished by the act of Burke in conveying to defendants a strip of land extending from North Union Street to the westerly boundary of grantor’s land across which a. four-foot right of way was reserved. Said conveyance is not sufficient, in our opinion, to warrant a finding that Burke intended to relinquish his rights to the easterly four feet of the pre-existing eight-foot right of way across the westerly end of defendants’ premises. An act relied upon to establish an abandonment must unequivocally evidence a clear intention to abandon. Roby v. New York Central & Hudson Riv. R. R. Co., 142 N. Y. 176, 181; Porter v. International Bridge Co., 200 N. Y. 234, 248.) Plaintiff is entitled to a right of way eight feet in width over the westerly end of the premises conveyed by deed dated October 3, 1931, from Helen G. Stephens to Angelo and Joseph Germano, said right of way to be used in connection with a right of way four feet in width over the strip conveyed by the deed dated May 27, 1932, from Michael J. Burke to Angelo and Joseph Germano.
Judgment modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. The findings of fact have been examined and affirmed. New finding of fact made. Conclusions of law disapproved and reversed and new conclusions made.