Cortland A. Johnson, J.
The complaint in this action seeks judgment rescinding and declaring void a deed conveying land to the predecessor corporation of the defendant railroad company and that said defendant be ordered to reconvey the-premises to the plaintiff.
In 1897, plaintiff’s father, Alfred C. Bayles, conveyed to the Great Neck and Port Washington Bailroad Company, defendant’s predecessor in interest, a strip of land in Port Washington, Town of North Hempstead, now occupied by defendant’s station and terminal. The conveyance contained the following covenant:
“ That the party hereunto the second part, its successors and assigns, shall only use the premises herewith conveyed for the purpose of the right of way and property of the railroad about to be constructed between Great Neck and Port Washington; and that the said party of the second part shall construct and have in regular operation for traffic the said railroad on or about the first day of July, 1898; and upon failure to perform these conditions, or either of them, or upon abandonment of the operation of the said railroad after construction and operation, this conveyance shall revert to the parties hereto of the first part, their heirs and assigns. ’ ’
Plaintiff, who is satisfactorily proved to be the only child and devisee of Alfred C. Bayles, asserts that two acts of the railroad company have effected a reverter to him under this covenant.
First, in 1955, the railroad company executed a lease to Port Associates, Inc., of a portion of the premises described in the deed, and other land it owned adjacent thereto with the intention that Port Associates, Inc., should erect a building on the premises to be used in part for station purposes and in part as a commercial building venture. Whatever the purpose of the lease, it appears that building permits necessary to its accomplishment were never obtained and nothing whatever occurred to change the use of the property as a station. The lease was terminated by a release agreement in 1958. In the court’s *17 opinion, the covenant was not violated by any act which is proven to have occurred. It cannot be said that the premises have been “ used ” for any purpose other than that of the railroad (Kip v. New York Cent. R. R. Co., 140 Misc. 62, affd. 236 App. Div. 654, affd. 260 N. Y. 692; Carter v. New York Cent. R. R. Co., 73 N. Y. S. 2d 610, affd. 273 App. Div. 884, affd. 298 N.Y. 540).
The second circumstance claimed by plaintiff to have been in violation of the covenant is the execution of a lease in 1958 by which the railroad company permitted the use of a small portion of the property, some 13% of the area conveyed in 1897, by the Port Washington Public Parking District, a civil subdivision of the Town of North Hempstead. The lease was for the expressed purpose of ‘ ‘ public parking in connection with the operation of lessor’s railroad, and for the convenience of passengers of the lessor.” The parking field is maintained at public expense, and no attempt is made to exclude automobiles desired to be parked by other than patrons of the railroad.
In the court’s opinion no breach of the covenant has occurred. The use to which the premises are put is entirely consistent with the railroad company’s use of them for its operating purposes. The obvious purpose of the covenant was to insure the use of the premises conveyed for railroad purposes and the court will not be hasty to interpret it as working a forfeiture as a result of some act not inconsistent with the continued use of all the premises for such purposes. (Roby v. New York Cent. & Hudson Riv. R. R. Co., 142 N. Y. 176; Kip v. New York Cent. R. R. Co., supra; Woodworth v. Payne, 74 N. Y. 196.)
The various defenses based upon laches and the Statute of Limitations were not established, but the plaintiff has failed to prove his contentions by a fair preponderance of the evidence.
The complaint is accordingly dismissed, on the merits, but without costs. No further findings are required. Settle judgment on notice accordingly.