(62 Misc. Rep. 385.)

### NORRIS v. HOFFMAN.

(Supreme Court, Special Term, New York County. February, 1909.)

EASEMENTS (§ 30*)—ACTION TO DECLARE ABANDONMENT—PLEADING.

    A demurrer to a complaint filed under Code Civ. Proc. § 1639, to declare an abandonment of an easement over defendant's property, should be overruled, where the acts of defendant clearly show an intent to give up said easement, and the use thereof is made impossible by his acts.

    [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77–79; Dec. Dig. § 30.*]

Action by one Norris against one Hoffman to declare an easement abandoned. Demurrer to complaint overruled.

Job E. Hedges, for plaintiff.
Bowers & Sands, for defendant.

O'GORMAN, J. This is an action to declare an easement abandoned and surrendered, and the defendant demurs for insufficiency.

It appears from the complaint that in 1858 the then owner of a piece of land on the south side of Forty-Seventh street, west of Sixth avenue, in the city of New York, 75 feet in front, erected thereon three private dwellings, each with a private stable in the rear, known, respectively, as Nos. 106, 108, and 110 West Forty-Seventh street; that each of these dwellings was 22 feet in width, leaving on the west of the most westerly building a carriageway 7 feet and 9 inches in width, intended for access to the stables; that the most westerly of the three houses, together with the carriageway, containing a frontage of "30 feet 9 inches, more or less," was conveyed to plaintiff's predecessor in title, "subject to a right of way hereby reserved from Forty-Seventh street to the stables in the rear of the two houses and lots next east of the above-described premises, * * * which carriageway is to be used in common by the owners of the said three lots shown on said diagram as passage to their respective stables, and the gate or doorway is to be kept closed by the parties using the same, and the carriageway kept in order at the mutual and equal expense of the owners of the said three lots"; that for upwards of 31 years after the erection of said buildings each of the said private stables was occupied by the owner of the dwelling in front thereof, and that the right of way so created was used by the said owners for the purpose of a carriageway from the street to their respective private stables; that the stables stood upon a strip of land south of the center line of the block between Forty-Sixth street and Forty-Seventh street; that when the defendants became the owners of Nos. 106 and 108, in May, 1901, they removed the two private houses then upon the premises and erected thereon an apartment house of seven stories, with a frontage of 44 feet on the street; that previous thereto, and on or about May 1, 1900, the then owner of the premises No. 106 West Forty-Seventh street conveyed the stable in the rear of No. 106 and the ground on which the same was erected to the owner of the lot on the north side of Forty-Sixth street abutting the property in the rear; that since the erection of said apartment hotel the stable in the rear of No. 108 has not been used as a stable; that an attempt heretofore made by the defendant to use the said stable as a carpenter shop was enjoined by this court; that the apartment building is rented by the defendants to numerous tenants; and that the entire neighborhood, which was formerly devoted to private dwellings, is now largely occupied by apartment and hotel buildings.

The facts admitted by the demurrer unequivocally manifest an intention on the part of the defendants to abandon the easement, and this is sufficient to work its extinguishment. Roby v. New York Central, 142 N. Y. 181, 36 N. E. 1053; Deeves v. Constable, 87 App. Div. 352, 84 N. Y. S. 592; Crain v. Fox, 16 Barb. 187. While mere nonuser will not constitute an abandonment, an easement will be deemed destroyed where its legitimate use has been rendered impossible by some act of the owner thereof, or any other unequivocal act showing an intention to permanently abandon and give up the easement. The

defendants by their acts have clearly evidenced such an intention. Plaintiff is not estopped from prosecuting this action because he took title subject to the easement. When an easement is extinguished, the servient estate is necessarily relieved of the burden, and, when once extinguished, it is gone forever. Crain v. Fox, supra.

The complaint meets all the requirements of section 1639 of the Code of Civil Procedure. When Austin v. Goodrich, 49 N. Y. 266, cited by the defendants, was decided, the old Code of Procedure did not specify the requirements of the complaint in such an action, and the court there held that the provisions of the Revised Statutes, prescribing the contents of a petitioner's notice, applied only to a proceeding brought under the Revised Statutes. The provisions of the Revised Statutes (2 Rev. St. [1st Ed.] p. 313, pt. 3, c. 5, tit. 2, § 2) are now, however, re-enacted substantially in section 1639 of the Code of Civil Procedure, and the plaintiff has fully complied therewith.

If, notwithstanding section 1639, it were deemed necessary for the plaintiff, under section 1638 of the Code, to allege "claiming it in fee" after this averment of "possession for one year," the complaint would, nevertheless, be held sufficient, since it is alleged that the plaintiffs are the owners in fee of the property since 1898, and their possession will therefore be deemed to be under claim of a title in fee. By interposing a demurrer the defendants admitted, not only all the facts alleged, but also such inferences as can be fairly drawn therefrom. Greef v. Equitable L. A. S., 160 N. Y. 29, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659.

Demurrer overruled, with costs, with leave to plead over on payment of same.