VICKTA REALTY CORP., Plaintiff, *v.* PURLEY PROPERTIES, INC., Defendant.

Supreme Court, Special and Trial Term, New York County, June 22, 1962.

*Lamb, Saytanides, Mulaine & Manitzaris* for plaintiff. *Joseph Howard Katz* for defendant.

BERNARD NEWMAN, J. This is an action to enforce an easement by grant created in a 1942 agreement.

Plaintiff is the owner in fee of 987 and 989 Eighth Avenue. Defendant owns the adjoining parcels to the south at 981–985 Eighth Avenue, and to the west at 304–306 West 58th Street. Prior to 1942 these properties were under a single ownership. Plaintiff contends that in accordance with the afore-mentioned grant it has a right of way over defendant's property at 304 West 58th Street.

The agreement reserved in the ownership of the 981–985 parcel (defendant's property) " an unobstructed perpetual right of way and/or easement down and through the fire tower, the present existing stairways and passageways located in the rear of premises No. 987 Eighth Avenue, so as to permit free passage " to and fro through said stairways and passageways between premises No. 981–985 Eighth Avenue and 987 Eighth Avenue * * * and the passageway in the rear of premises 987 and 989 Eighth Avenue to and from West 58th Street ". In the same agreement, there was reserved in the ownership of the 987 parcel (plaintiff's property) " a reciprocal easement over said right of way or passageway * * * as an entrance or exit for the use of and to and from the building No. 987 Eighth Avenue ".

In 1955 the plaintiff altered its building at 987 Eighth Avenue by removing and eliminating the two stairways between the second floor and the basement. These stairways constituted

part of the original fire tower passageway easement, which was thus obstructed, rendered inoperative, and in effect destroyed by the alteration. Access to the passageway in 304 West 58th Street, over which plaintiff seeks to enforce an easement, was thereby denied to defendant. The easement was no longer " reciprocal ".

The defendant, on its part, razed its building at 304 West 58th Street in 1961, and in so doing, destroyed the walled passageway in the basement leading to the street. This is the right of way sought to be enforced by this action. It does not appear, from the record, that plaintiff ever attempted to prevent the destruction of the passageway.

Judge Burke, writing for the unanimous Court of Appeals, stated in *Gerbig* v. *Zumpano* (7 N Y 2d 327, 331) : " In order to prove an abandonment of an express easement by grant, it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement * * *. [A]cts evincing an intention to abandon must be unequivocal. They must clearly demonstrate the permanent relinquishment of all right to the easement." (See, also, *Loening* v. *Red Spring Land Co.,* 198 Misc. 151, affd. 277 App. Div. 1050, affd. 302 N. Y. 934.)

Such an abandonment has been established here. The right of way must be considered as it was created in the original reciprocal grants, viz., one continuous passageway from the 981 building, through the 987 building, and then out to the street through 304 West 58th Street.

The court finds that the plaintiff's act in 1955, in eliminating the two stairways from the second floor to the basement in the 987 building to " provide for additional kitchen space ", and its establishment of a new route through 989 Eighth Avenue, evidenced an unequivocal intention to abandon the original right of way. The alteration destroyed the easement. Furthermore, plaintiff failed to act when the defendant demolished its building and, along with it, the walled basement passageway which formed the remainder of the original easement route.

Similarly, the defendant's intention to abandon the passageway was made clear by its letter to plaintiff at the time it acquired title to the property in 1958. This was followed by defendant's physical demolition of the West 58th Street building, including the basement passageway.

An easement is deemed abandoned where, as here, the legitimate use has been rendered impossible by some act of the owner

(*Norris* v. *Hoffman*, 62 Misc. 385, affd. 133 App. Div. 596, affd. 197 N. Y. 578).

Plaintiff further contends that an easement by prescription might exist if an easement by grant were not found. However, the evidence clearly indicates that the use of the passageway up to 1955 was under express grant. Even if it be assumed that the user was adverse and hostile since that time, it would be of insufficient duration to maintain this action (Civ. Prac. Act, §§ 34, 35).

Although the court is sympathetic to plaintiff's plight, it cannot direct the surrender of defendant's property right, under the circumstances herein. Accordingly, judgment is directed in favor of defendant, dismissing the complaint on the merits, without costs.

