William B>. G-eileb., J.
This is an action brought to enjoin
the defendants from using or claiming any right to a 10%-foot easement of ingress and egress over the westerly portion of plaintiff’s property to and from defendants’ property to Main Street, Bayport, New York.
*884 The plaintiff, and defendants’ predecessor in title, Charlotte J ohnson, acquired their title from a common grantor in 1928.
The deed to Charlotte Johnson contained a provision giving her the right to cross a 10%-foot strip of land on the most westerly boundary of plaintiff’s property as a means of ingress and egress to Main Street. The defendants became owners of the J ohnson property in 1940.
Plaintiff contends that the defendants have abandoned the subject easement.
An easement created by grant may be extinguished by abandonment, conveyance, condemnation or adverse possession (Strevell v. Mink, 6 N Y 2d 850.)
Did defendants voluntarily abandon the subject easement ?
The credible evidence introduced at the trial herein indicates that defendants have not used the easement in question. The court recognizes that an easement cannot be abandoned merely by nonuse (Holden v. Palitz, 1 A D 2d 685). There must be some unequivocal act on the part of the owner of a dominant estate manifesting an intention to abandon an easement.
Is there some act by the defendants which indicates an unequivocal intention to abandon the easement?
The court finds that two acts of the defendants evince their unequivocal intention to abandon the subject easement.
The first is the closing off of the westerly end of the easement by a flower bed planted by the defendants. This flower bed, in the particular location it was planted, is inconsistent with the existence of an easement. The flower bed effectively prohibits any use of the easement by defendants or any one else (Norris v. Hoffman, 62 Misc. 385). This act, by itself, clearly indicates defendants have abandoned the easement.
The second act is the purchase by defendants of a parcel immediately adjacent to the westerly line of defendants’ property and the use of this parcel as the sole means of ingress and egress to defendants’ property. The purchase and use of this parcel, as the sole means of ingress and egress to defendants’ property, coupled with the planting of the flower bed, clearly indicates an unequivocal intention to abandon the subject easement.
This is the decision of the court pursuant to CPLR 4213.